[Civ. No. 24083.   Second Dist., Div. One.   Feb. 20, 1961.]

COUNTY OF LOS ANGELES, Plaintiff v. ESTEL C. JAMISON, Respondent; CENTINELA VALLEY UNION HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY et al., Cross-defendants and Appellants.

Harold W. Kennedy, County Counsel, and James W. Briggs, Deputy County Counsel, for Appellants.

James G. Dempsey for Respondent.

WOOD, P. J.—This is an action to recover taxes allegedly due from defendant Estel C. Jamison on certain alleged personal property, i.e., duplex dwelling houses. The defendant filed a cross-complaint naming the Centinela Valley Union High School District and the trustees of the district as cross-defendants. In his cross-complaint he sought to recover an amount equal to the amount of taxes claimed by the county. Judgment upon the complaint was for the county against defendant Jamison for the amount of taxes and for costs. Judgment upon the cross-complaint was for cross-complainant Jamison against cross-defendants school district and trustees for the same amount as the amount of the county's judgment. The cross-defendants appeal from the judgment. (No appeal was taken from the judgment in favor of the county.)

A general statement of the background of the action is as follows: The school district was about to commence an action to condemn, for school purposes, real property owned by Mr. and Mrs. Jamison. The school and the owners negotiated a settlement as to the amount for which the owners would sell the property to the district. It was also agreed that the district would take the property subject to taxes; and it was agreed that the owners might remove the duplex dwelling houses from the property. While the escrow was pending the assistant superintendent of the school district wrote a letter to a loan association (which held a trust deed against the property) and stated that the district intended to assume the taxes on the property. After the escrow relating to the transaction was closed, the sellers removed the houses, and the

school board passed its resolution requesting the county supervisors to order cancellation of the taxes on the land. About seven months after the escrow was closed Mr. Jamison received a bill for taxes on the houses. He sent the bill to the school district and demanded that the district pay the taxes pursuant to its agreement to take the property subject to taxes. (Prior to this present sale Mr. Jamison sold other improved real property to the same school district under similar terms with respect to removing the buildings and assuming the taxes. In the prior transaction the taxes were cancelled—including taxes on the buildings which were removed.) In the present case the school district contended at the trial (and contends on appeal) that only the land was taken subject to taxes. The trial court decided in effect that the school district breached its agreement with respect to the taxes.

The notice of appeal states that the appeal is from the judgment entered "at or about December 8, 1958." The judgment herein was entered on December 5, 1958. There was no motion for a new trial. The notice of appeal was filed on February 4, 1959, which was the sixty-first day after entry of the judgment. Rule 2(a) of the Rules on Appeal provides that ". . . notice of appeal shall be within 60 days from the date of the entry of the judgment. . . ." ██ In *Bryant* v. *Los Angeles Transit Lines*, 116 Cal.App.2d 473 [253 P.2d 731], it was said at page 474: "A timely notice of appeal is essential to appellate jurisdiction and a late filing of such notice is a nullity, requiring dismissal of the appeal. (*Estate of Hanley*, 23 Cal.2d 120, 122-123 [142 P.2d 423, 149 A.L.R. 1250].)" ██ In the present case, since the notice of appeal was not filed within the required time, this court does not have jurisdiction.

The appeal is dismissed.

Fourt, J., and Lillie, J., concurred.