[L. A. No. 28498. In Bank. Feb. 2, 1966.]

ROGER W. VIBERT, Plaintiff and Appellant, v. WILLIAM D. BERGER, Defendant and Respondent.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

William Jerome Pollack for Plaintiff and Appellant.

Belcher, Henzie & Biegenzahn and George E. Moore for Defendant and Respondent.

PEEK, J. — Plaintiff brought suit against William D. Berger, a dentist, and others for malpractice. Berger's demurrer to plaintiff's second amended complaint was sustained without leave to amend on the ground that the action had not been commenced within the time provided by statute (Code of Civ. Proc., § 340, subd. 3), and a judgment of dismissal was subsequently entered. Following appeal by plaintiff, Berger moved to dismiss on the ground that each of plaintiff's two notices of appeal was defective. The merits, if any, of defendant's motion present the sole question now before us.

The order sustaining demurrer without leave to amend was entered on February 25, 1964, and plaintiff's attorney was given notice of the order on March 3. Berger caused a judgment of dismissal to be entered as to him on March 10. From a declaration in opposition to Berger's motion to dismiss the appeal it appears that plaintiff's counsel, on or about March 12, 1964, instructed an associate to prepare a notice of appeal from the order sustaining the demurrer. Counsel further declares that at that time he was unaware that a judgment of dismissal had already been entered and that the notice of appeal was intended to refer to the judgment, which he anticipated would be entered in the near future.

The first notice of appeal was filed on March 12 and recited that plaintiff appealed "from the order of the . . . court of February 25, 1964, sustaining defendant Berger's demurrer to plaintiff's second amended complaint without leave to amend."

Thereafter, Berger substituted attorneys for the purpose of defending the appeal, and plaintiff's counsel attempted to settle the case through members of the substituted firm. Attorneys for both parties assumed that the appeal had been perfected and plaintiff proceeded to obtain a clerk's transcript and paid the fee therefor. Several months later, plaintiff's counsel examined his files and noted that the appeal had been taken from the order of February 25 rather than from a judgment of dismissal entered thereon. He requested the clerk of the trial court to enter such a judgment. When he learned that judgment had long since been entered he filed a second notice of appeal on November 4, 1964.

This second notice of appeal (which was from the judgment entered on March 10, 1964) was not filed until 249 days after that entry. The notice is clearly and fatally defective, having been filed more than 60 days after entry of the judgment. (Cal. Rules of Court, rule 2(a) ; *County of Los Angeles v. Jamison* (1961) 189 Cal.App.2d 267, 269 [11 Cal.Rptr. 309].)[1] Compliance with "the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period." (*Estate of Hanley* (1943) 23 Cal.2d 120, 122 [142 P.2d 423] ; *Carver v. Platt* (1960) 179 Cal.App.2d 140, 142 [3 Cal.Rptr. 687].)

In a situation such as is here presented where plaintiff's first notice of appeal purported to relate to the order sustaining the demurrer without leave to amend, our courts have held it to be "hornbook law that [an] order sustaining a demurrer is interlocutory, is not appealable, and that the appeal must be taken from the subsequently entered judgment." (*Collins v. City & County of San Francisco* (1952) 112 Cal.App.2d 719, 722 [247 P.2d 362] ; 3 Witkin, Cal. Procedure (1954) p. 2162; see *Lavine v. Jessup* (1957) 48 Cal.2d 611, 613 [311 P.2d 8].)

However, in accordance with the mandate that "A notice of appeal shall be liberally construed in favor of its sufficiency" (Cal. Rules of Court, rule 1), the foregoing rule has been excepted to where the notice can be interpreted to

---

[1] Rule 2(a) read as follows at the time here relevant. "Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days from the *date of entry* of the judgment, unless the time is extended as provided in rule 3." (Italics added.)

It should be noted that, as amended effective September 17, 1965, rule 2(a) now places emphasis, among other things, on the date of notice of entry of the judgment.

apply to an existing appealable order or judgment, if no prejudice would accrue to the respondent. Thus, notices of appeal referring to an "order" have been interpreted to apply to a "judgment," and those referring to a "judgment" to apply to an "order," "so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." (*Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289].)

The instant case is almost identical to that of *Collins* v. *City & County of San Francisco, supra,* 112 Cal.App.2d 719. In both cases a notice of appeal was timely filed after an order sustaining a demurrer and subsequent entry of judgment. In *Collins* the notice of appeal recited that it was an appeal taken from the " 'minute order sustaining the demurrer of defendants without leave to amend . . . entered herein on June 1, 1951. . . .' " (P. 722.) The judgment was filed on June 29, 1951, and the notice of appeal was filed within 60 days thereafter. As it was apparent that appellant sought review of the appealable judgment and that no one was misled or prejudiced, the court held at page 723: " [A]lthough the notice of appeal incorrectly describes the judgment as a 'minute order,' and erroneously gives the date of the minute order rather than the date of the judgment, we will treat the appeal as being from the appealable judgment." (See *Holden* v. *California Emp. Stab. Com.* (1950) 101 Cal.App.2d 427, 431 [225 P.2d 634].)

Although the facts in the instant case might support a finding that, when filed, the first notice was *intended* to announce an appeal from the order rather than the anticipated judgment, there is nevertheless considerable authority for sustaining the sufficiency of the notice. In a case similar to both *Collins* and the instant one it is stated: "There may be many situations where a notice of appeal from a nonappealable order cannot and should not be treated to be a notice of appeal from a judgment subsequently entered. In many situations there might be doubts as to just what the appellant was seeking to have reviewed. But there is no doubt in the instant case. *Clearly, the appellant was seeking to have reviewed the propriety of the order sustaining the demurrer without leave to amend.* In fact, he so stated in the notice of appeal. He should have waited until a judgment was entered. But by incorrectly stating that he was appealing from the order instead of from the judgment, he *should not be precluded from securing a review of what all concerned knew he*

*was seeking to have reviewed.* No one was misled. No prejudice to the respondent appears. *Respondent is simply trying to take advantage of a mistake made by appellant.... [and] this court should not aid respondent unless compelled to do so by controlling principles of law."* (*Evola* v. *Wendt Constr. Co.* (1958) 158 Cal.App.2d 658, 661 [323 P.2d 158] (italics added) ; see *Smith* v. *Smith* (1954) 126 Cal.App.2d 194, 195 [272 P.2d 118] ; *Willson* v. *Burner* (1964) 230 Cal.App.2d 947, 948 [41 Cal.Rptr. 449] ; *A. L. Castle, Inc.* v. *County of San Benito* (1964) 227 Cal.App.2d 602, 603-604 [38 Cal. Rptr. 855].)

Defendant seeks to distinguish *Evola* from the instant case in that the *Evola* appeal was taken from an order sustaining demurrer without leave to amend, but a judgment of dismissal was not entered until *after* the notice of appeal had been filed. It does not follow from this distinguishing factor, however, that the grounds for relief in the instant case are any weaker than those in *Evola.* In that case the premature filing presented an additional problem, for the solution of which the court relied in part on rule 2(c) of the California Rules of Court. That rule provides in relevant part: "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

Defendant contends that the *Evola* holding "drew its breath of life from rule 2(c)," and "since rule 2(c) cannot be used by plaintiff, so, too, the *Evola* decision cannot be looked to." But the resort to rule 2(c) in *Evola* was made necessary only in order to circumvent the additional problem interjected by filing notice of appeal *prior* to entry of judgment, which problem does not exist in the instant case. Here, we are faced only with the problem of construction, which was also present in *Evola,* and it is apparent from the opinion in that case that rule 2(c) was not deemed pertinent to that issue.

In such cases as *Beazell* v. *Schrader* (1962) 205 Cal.App.2d 673 [23 Cal.Rptr. 189], cited by defendant as contrary to the *Evola* decision, no judgment had been entered even *at the time the appeal was heard.* There was thus no appealable judgment or order to which the court could deem the notice to apply. (See *Curnutt* v. *Holk,* 203 Cal.App.2d 6, 7 [21 Cal.Rptr. 224].)

█ The declarations filed by both parties demonstrate that defendant suffered no prejudice. On the contrary, both parties

assumed that a proper appeal had been taken and dealt with each other accordingly. (See *Smith* v. *Smith, supra,* 126 Cal. App.2d at p. 195.) Whether the error in the notice of appeal was merely one in describing the order or judgment or whether it was caused by appellant's ignorance, the notice may without prejudice to respondent reasonably be interpreted to apply to an appealable order or judgment rendered before the appeal was noticed. The appeal must therefore be heard on the merits.

The motion to dismiss the appeal is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.