684

[Civ. No. 30002. Second Dist., Div. Two. Jan. 11, 1967.]

MARVIN BLEDSOE, Plaintiff and Appellant, v. INFORM-
ATIVE RESEARCH, Defendant and Respondent.

Evans, Taves & Tuckerman and Richard Evans for Plain-
tiff and Appellant.

Kirtland & Packard, Lyle, Yudelson & DiGiuseppe and
Phillip T. Backer for Defendant and Respondent.

ROTH, P. J.—Appellant purports to appeal ". . . from
that certain judgment and order of the Court sustaining the
demurrer . . . to paintiff's fourth amended complaint, with-
out leave to amend as to the first cause of action and with
leave to amend as to the second and third causes of action."
There is, however, no judgment.

No appeal lies from orders sustaining or overruling a
demurrer. Such orders are reviewable on appeal only from a
judgment of dismissal entered pursuant to the court's orders
with respect to the demurrer. (*Vibert* v. *Berger,* 64 Cal.2d 65,
67 [48 Cal.Rptr. 886, 410 P.2d 390]; *Cole* v. *Rush,* 40 Cal.2d
178 [252 P.2d 1]; *Evans* v. *Dabney,* 37 Cal.2d 758, 759 [235
P.2d 604]; *Beazell* v. *Schrader,* 205 Cal.App.2d 673, 674 [23
Cal.Rptr. 189]; *Curnutt* v. *Holk,* 203 Cal.App.2d 6, 7 [21
Cal.Rptr. 224]; *Dumm* v. *Pacific Valves,* 146 Cal.App.2d 792,
794 [304 P.2d 738]; see Code Civ. Proc., § 963.)

The courts have been generous in the application of the rule
enunciated in cases where the notice of appeal has been filed
from the order when there is a subsequent entry of judgment.

(See *Vibert* v. *Berger, supra.*) However, as stated in *Curnutt, supra,* when there has been no judgment, ". . . there is no assurance that the trial judge may not reconsider his decision," in which case there would be no cause for appeal.

The appeal is dismissed.

Herndon, J., and Fleming, J., concurred.