[No. A035785. First Dist., Div. Four. May 29, 1987.]

EUGENE H. KLINGELE, Plaintiff and Appellant, v.
THEODORE ENGELMAN et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication with the exception of parts IIA and IIB.

COUNSEL

Walter J. Searle for Plaintiff and Appellant.

Caputo, Liccardo, Rossi, Sturges & McNeil, Ronald R. Rossi and Dann B. Jones for Defendants and Respondents.

OPINION

CHANNELL, J.—After a court trial, judgment was granted for respondents Theodore Engelman and others on appellant Eugene H. Klingele's action for foreclosure of La Honda real property. Klingele appeals, contending (1) that because Engelman's cross-complaint was barred by the statute of limitations, his answer to Klingele's complaint was also barred; (2) that the trial court's findings were inconsistent; and (3) that a subordination agreement was void. We affirm the judgment.

## I. FACTS

In March 1980, E. Lee and Kathie Troutman executed promissory notes for $30,000 and $10,000 in favor of appellant Eugene H. Klingele. These notes were secured by two deeds of trust on real property on La Honda Road in La Honda. In November 1980, the Troutmans sought to borrow an additional $126,000 against this property from respondent Theodore Engelman, who agreed to the loan if his deed of trust had priority over Klingele's existing trust deeds.

The same month, Klingele agreed to and did execute a subordination agreement. However, while the agreement was clear as to lien priorities, it incorrectly listed the value of Klingele's note as $126,000. Relying on the executed subordination agreement, Engelman loaned the Troutmans $126,000 in exchange for a promissory note and deed of trust, recorded in late November 1980 against the La Honda property. With the proceeds of the loan, Troutman paid off Klingele's $10,000 note, leaving only the $30,000 note yet to be paid. In December 1980, Engelman assigned part of

his interest to persons who, along with Engelman himself, are the respondents on appeal.

In April 1981, the Troutmans defaulted on the Engelman promissory note. In a nonjudicial foreclosure, the trustee filed a notice of default and sent a copy of it to Klingele. Soon after, Engelman discovered the error in the subordination agreement. Klingele agreed to correct the agreement, but never did. After the trustee's sale, a new deed was recorded in September 1981, giving respondents title to the La Honda property. By October 1981, Klingele learned that the Troutmans were in bankruptcy.

In July 1984, Klingele filed an action for judicial foreclosure of the La Honda property on the basis of the deed of trust from the Troutmans, securing the $30,000 note. The complaint also listed Engelman and his assignees as defendants. In October 1984, Engelman[1] filed an answer to the complaint, as well as a cross-complaint for declaratory relief, to reform the subordination agreement, and to quiet title. Klingele's answer asserted that the cross-complaint was barred by the statute of limitations.[2]

The trial court granted Klingele's motion to conduct a bifurcated trial, allowing a resolution of the statute of limitations question before reaching the merits of the cross-complaint. In a September 1985 memorandum decision, the trial court determined that the applicable limitations period barred the cross-complaint; it referred to the subordination agreement as "defective." In a February 1986 statement of decision on the complaint, the second phase of the trial, the trial court found that the parties intended to subordinate the Klingele note and deed of trust to the later Engelman deed, that the subordination agreement contained a clerical error, and that this error was not of such magnitude as to make the agreement invalid. The court also found that the parties intended to correct the error, but Klingele never executed a new agreement. The trial court held for Engelman on Klingele's complaint, for two reasons—because the clerical error did not invalidate the subordination agreement; and because equitable subrogation applied, making Klingele's $30,000 deed subordinate to the Engelman deed.

Klingele filed a motion to vacate the judgment, asserting that the trial court had found the subordination agreement defective in September 1985.

---

[1] The respondents, collectively referred to as "Engelman" for convenience, are Theodore and Mildred Engelman, Henry and Adeline Brilliant, John and Helga Schick, Joseph M. and Fern K. Schmitz, Ruth Ann Giuliano, Loretta T. French, Leo and Muriel Westen, Arthur B. and Florence H. Rosen, Glen A. and Bettye F. Heimsoth, Abraham and Ida Geller, Richard Glenn Stirm, and Florence Rockowitz.

[2] In April 1985, Engelman filed an amended cross-complaint, adding causes of action for specific performance and promissory estoppel. In his answer to the amended cross-complaint, Klingele again asserted the bar of the statute of limitations.

The trial court denied the motion, stating that its September 1985 decision was only on the limitation issue, not on the validity of the agreement. The trial court stated that the September 1985 reference to the subordination agreement as "defective" was merely descriptive to identify the document. The court reiterated that in its February 1986 statement of decision, it found the agreement defective because it contained a typographical error, but that this defect did not render the agreement invalid. Judgment was issued and entered in early June 1986. An amended judgment was filed on June 18, 1986. Klingele filed a timely notice of appeal from the judgment.[3]

## II

A., B.*

. . . . . . . . . . . . . . . . . . . .

### C. *Was Subordination Agreement Valid?*

 Finally, Klingele urges this court to overturn the trial court's ruling that the subordination agreement was valid, although it contained an error. The interpretation of a written instrument presents a question of law for this court to determine anew. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P2d 839]; *Medical Operations Management, Inc.* v. *National Health Laboratories, Inc.* (1986) 176 Cal.App.3d 886, 891 [222 Cal.Rptr. 455].) In our independent judgment, we are satisfied that the subordination agreement was intended to reorder the priorities of the various liens and that the error in the agreement was not material. (See *Guthrie* v. *Times-Mirror Co.* (1975) 51 Cal.App.3d 879, 886 [124 Cal.Rptr. 577]; *Wood* v. *Kalbaugh* (1974) 39 Cal.App.3d 926, 932 [114 Cal.Rptr. 673] [mistake must relate to material, not collateral, matter].) The trial court correctly interpreted the subordination agreement.

---

[3] Although Klingele purports to appeal from the June 4, 1986, judgment, that has been superseded by the June 18, 1986, amended judgment. (See *Savings Union* v. *Myers* (1887) 72 Cal. 161, 163 [13 P. 403] [amended judgment, substituted for original judgment, becomes final judgment for purposes of appeal]; *Avery* v. *Associated Seed Growers, Inc.* (1963) 211 Cal.App.2d 613, 622 [27 Cal.Rptr. 625]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 44, pp. 67-68.) As the amended judgment issued before Klingele filed his July 29, 1986, notice of appeal, we may, in the interests of justice, construe the appeal to be from the final, amended judgment. (See *Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67-70 [48 Cal.Rptr. 886, 410 P.2d 390]; *Shonkoff* v. *Dant Inv. Co.* (1968) 258 Cal.App.2d 101, 102-103 [65 Cal.Rptr. 463]; Cal. Rules of Court, rule 1(a) [notice of appeal must be liberally construed in favor of sufficiency]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 81, p. 104, § 375, pp. 377-380.) Therefore, we construe the appeal to be from the amended judgment.

*See footnote, *ante,* page 1482.

## III. CONCLUSION

In an obvious attempt to create a smoke screen, Klingele purports to raise 16 bases of appeal in his opening brief. Having concluded that the subordination agreement is valid, we need not consider any other issues. His repetitive and confusing brief has not diverted our attention from the conclusion that, having fortuitously spotted an irrelevant error in the subordination agreement, Klingele seized on it in an attempt to avoid the agreement's clear and undisputed intended effect. We do not endorse this type of conduct.

The judgment is affirmed.

Anderson, P. J., and Sabraw, J., concurred.