[No. B123246. Second Dist., Div. Seven. Apr. 17, 2000.]

20th CENTURY INSURANCE COMPANY, Plaintiff, v.
TAK HUNG CHOONG, Defendant and Respondent;
JOEL DRUM, Objector and Appellant.

## COUNSEL

No appearance for Defendant and Respondent.

Davis & Drum and Joel Drum for Objector and Appellant.

## OPINION

**JOHNSON, J.**—In this case we hold an attorney-employer has standing to appeal a monetary sanction imposed on an attorney-employee. We also hold imposing a monetary sanction for not paying a previous monetary sanction was not an abuse of discretion.

### FACTS AND PROCEEDINGS BELOW

At a mandatory settlement conference, the trial court imposed a sanction in the amount of $200 on plaintiff's attorney, Richard Collins, for failure to prepare a mandatory settlement conference statement. (Super. Ct. L.A. County, Local Rules, rule 7.9(b)(6).) The court's order provided the sanction would be set aside if the settlement conference statement was submitted by 4:30 p.m. that day. The settlement conference was continued to the following week. The minute order shows Collins was present when the sanction order was issued.

The continued settlement conference was called for hearing on the specified date with Collins again appearing for plaintiff. Collins conceded the $200 sanction had not been paid and told the court he did not know the sanction order was directed at him. The trial court rejected this excuse since Collins had been present when the sanction order was issued and the minute order clearly reflected it was imposed on Collins personally. The court then imposed an additional sanction of $250 on Collins for failing to pay the original sanction.

Ultimately the trial court dismissed the case, and a notice of appeal from the order of dismissal was filed by the plaintiff and Joel Drum, another attorney for plaintiff. The only issue briefed on appeal is whether the trial court abused its discretion in sanctioning Collins for not paying the original sanction.

### DISCUSSION

I. *An Attorney-employer Has Standing to Appeal from a Sanction Order Directed to an Attorney-employee.*

As previously noted, the monetary sanctions in this case were imposed on Attorney Richard Collins, not on Attorney Joel Drum, the appellant. Although a sanction order against an attorney is appealable (see Code

Civ. Proc., § 904.1, subd. (b); *Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 976 [272 Cal.Rptr. 126]), normally it must be appealed by the attorney sanctioned. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42 [24 Cal.Rptr.2d 337].) Drum points out, however, when Collins was sanctioned he was an employee of Drum and Drum's law firm and was representing plaintiff 20th Century Insurance Company in the course and scope of his employment. Therefore, according to Drum, he and his firm are required by Labor Code section 2802 to reimburse Collins for the amount of the sanction and this gives Drum standing to appeal the sanction order. We agree.

Section 2802 of the Labor Code provides in relevant part: "An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties . . . ." Section 902 of the Code of Civil Procedure states: "Any party aggrieved may appeal . . . ." An "aggrieved" party is one "whose rights or interests are injuriously affected by the judgment" and whose interest in the matter is " ' "immediate, pecuniary, and substantial" ' " as opposed to " ' "nominal [or] remote" ' " (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953].) Because Drum is obligated to reimburse Collins for the sanction if it is upheld on appeal, Drum's "rights or interests are injuriously affected" by the sanction order and his interest is "immediate, pecuniary and substantial."

In addition, denying an attorney-employer standing to appeal a sanction award against one of his employees would be fundamentally unfair because if the employee fails to appeal, and under Labor Code section 2802 he has no incentive to do so, the employer would be bound to pay the sanction without any opportunity to contest its legality.

For these reasons, we conclude Drum has standing to prosecute the appeal of the sanction order against Collins.

II. *The Trial Court Did Not Abuse Its Discretion in Sanctioning Collins for Not Paying the Previous Sanction.*

■ We review the imposition of monetary sanctions for a prejudicial abuse of discretion. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 501 [256 Cal.Rptr. 296].)

Under section 177.5 of the Code of Civil Procedure, "[a] judicial officer shall have the power to impose reasonable money sanctions, not to exceed

fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the county in which the judicial officer is located, for any violation of a lawful court order by a person, done without good cause or substantial justification."

■ Drum does not challenge the original $200 sanction against Collins for failing to file a settlement conference statement. He does, however, contend it was an abuse of discretion to assess the second sanction of $250 against Collins for failing to pay the original sanction. Drum argues the county already had a remedy for Collins's failure to pay the first sanction; it could have obtained a writ of execution and levied on Collins's property. (*Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 615 [47 Cal.Rptr.2d 24].) He further maintains the second sanction of $250 did not reasonably represent the cost of court time expended because Collins failed to pay the first sanction.

Drum's argument the county could have collected the first sanction through a writ of execution misses the point. It is obvious the purpose of the second sanction was not to collect the first, but to penalize Collins for ignoring lawful orders of the court. The court had every right to impose a monetary sanction to compel obedience to its lawful orders, or to punish disobedience and disrespect of the court's processes. (Code Civ. Proc., § 177, subd. 2.) The court reasonably could have believed a swift additional sanction in response to Collins's failure to obey its first order would be more effective than a time-consuming collection action.

We find no merit to Drum's argument the amount of a monetary sanction under Code of Civil Procedure section 177.5 must be based on the actual cost to the court of Collins's misfeasance. This same argument was made and rejected in *People v. Tabb* (1991) 228 Cal.App.3d 1300 [279 Cal.Rptr. 480]. After reviewing the legislative history of the statute, the court in *Tabb* concluded: "The terms of the section do not require the court to relate the amount of the sanction to the actual cost to the county traceable to the violation of the court order; the only requirements imposed are that the amount be reasonable, within the limit of $1,500, that proper notice and hearing be given, and that the written order shall ' "recite in detail the conduct or circumstances justifying the order." ' . . ." (*Id.* at pp. 1311-1312, citation omitted.)

The order at issue here recites the previous sanction was not paid; the amount of the sanction—$250—is not unreasonable and well within the

$1,500 maximum; and Collins was given the opportunity to show good cause or substantial justification for failing to pay the first sanction. Therefore, the order complies with the substantive and procedural requirements of Code of Civil Procedure section 177.5 and does not constitute an abuse of discretion.

## DISPOSITION

The judgment and order are affirmed.

Lillie, P. J., and Neal, J., concurred.