[No. F049851. Fifth Dist. Aug. 10, 2006.]

In re MADISON W., a Person Coming Under the Juvenile Court Law.
TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
OFELIA W., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of the Procedural and Factual History and Discussion, part II.

## Counsel

Mario de Solenni, under appointment by the Court of Appeal, for Defendant and Appellant.

Kathleen Bales-Lange, County Counsel, and Bryan Walters, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**VARTABEDIAN, Acting P. J.**—Ofelia W. appeals from an order terminating her parental rights (Welf. & Inst. Code, § 366.26) to her daughter Madison.[1] Appellant contends the court erred three days earlier by denying her petition for reunification services (§ 388). On review, we will affirm.

In the published portion of our opinion, we hold liberal construction of a parent's notice of appeal from an order terminating parental rights encompasses the denial of the parent's section 388 petition, provided the trial court issued its denial during the 60-day period prior to the parent's filing the notice of appeal.

## PROCEDURAL AND FACTUAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I. *Appealability*

Appellant's trial counsel filed a notice of appeal on February 23, 2006, stating she was appealing from the January 13, 2006 order terminating

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
*See footnote, *ante*, page 1447.

parental rights. The notice of appeal contained no reference to the January 10 order denying the section 388 petition.

After court-appointed appellate counsel filed his opening brief challenging the denial of appellant's section 388 petition, the agency disputed this court's jurisdiction to resolve the issue given the terms of appellant's notice of appeal. Appellate counsel thereafter moved to amend the notice of appeal or to request this court's liberal construction of the notice of appeal to include a challenge to the denial of the section 388 petition. We deferred the issue until now.

■ Because this is not the first time such a situation has presented itself to this court, we take this opportunity to hopefully resolve it once and for all, at least as to this court. We frequently receive notices of appeal challenging the termination of a parent's rights and nothing more despite the fact that on or before the same day as the termination order but within 60 days of when the notice of appeal was filed (Cal. Rules of Court, rule 2), the court also denied the parent's eleventh-hour section 388 petition. When counsel brings the issue to our attention during record preparation or before briefing occurs, we routinely deem the notice of appeal amended to include the additional ruling.

Our rationale is as follows. First, the denial of such a section 388 petition is an appealable order. (§ 395.) Second, the parent's notice of appeal is entitled to our liberal construction. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390].) Third, appellate jurisdiction to review an appealable order depends upon a timely notice of appeal. (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340 [28 Cal.Rptr.3d 495].) Fourth, the notice of appeal would be timely as to the denial of the parent's section 388 petition, provided the trial court denied the parent's section 388 petition within 60 days of when the parent filed the notice of appeal. (Cal. Rules of Court, rule 2.) And, finally, respondent is not prejudiced. (*Vibert v. Berger, supra,* 64 Cal.2d at p. 67.)

Here, by contrast, neither appellant, trial counsel, nor appellate counsel asked this court to grant such relief until after respondent filed its brief.[2] However, to reach a different result because appellate counsel sought relief after the fact appears ill advised.

■ By no means do we condone the practice of only citing the termination order in the notice of appeal if there was also an order denying the

---

[2] Perhaps anticipating our resolution of the question or at least recognizing the need for expedited review (Cal. Rules of Court, rule 37.4(e)), respondent wisely addressed the merits of appellant's claim as well as the appellate jurisdiction issue.

parent's section 388 petition made at or close to the termination hearing, which appellate counsel would likely raise as an appellate issue. Nor do we condone any omission on appellate counsel's part to carefully review the notice of appeal and promptly bring the issue to this court's attention. However, we are pragmatic. We can well imagine claims of ineffective assistance of appellate, if not trial, counsel and the unnecessary consumption of limited judicial resources reviewing such claims as well as individual motions to dismiss on such grounds. This case is a classic example, especially in light of appellant's concession in the trial court that adoption was best for Madison. Thus, we will henceforth liberally construe a parent's notice of appeal from an order terminating parental rights to encompass the denial of the parent's section 388 petition, provided the trial court issued its denial during the 60-day period prior to filing the parent's notice of appeal.

II.   *Denial of the Section 388 Petition**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order denying appellant's section 388 petition, as well as the order terminating parental rights, are affirmed.

Harris, J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 25, 2006, S146462.

---

*See footnote, *ante*, page 1447.