Filed 8/28/13  Shade v. Freedhand CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROSS SHADE,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>ADAM FREEDHAND,<br><br>          Defendant and Respondent. | A136605<br><br>(Napa County<br>Super. Ct. No. 2658529) |

This is the second lawsuit brought by pro per appellant Ross Shade seeking damages arising out of a hip-replacement surgery performed by respondent Adam Freedhand, M.D.  Shade contends the trial court erred in sustaining Freedhand's demurrer to his amended complaint and denying Shade leave to amend his complaint a second time.  We disagree and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Shade alleges that he suffered several physical problems as a result of an artificial hip system implanted in his right hip by Freedhand in June 2009.  Shade first sued Freedhand in April 2011 on a theory of professional negligence.  After giving Shade two opportunities to amend his complaint, the trial court in that case sustained Freedhand's demurrer on the basis that the action was barred by the one-year statute of limitations in Code of Civil Procedure section 340.5.  This court affirmed in a nonpublished opinion. (*Shade v. Freedhand* (Jan. 10, 2013, A134754) (*Shade I*).)

1

While Shade's appeal was pending in this court, he sued Freedhand a second time. Freedhand demurred to this complaint on the ground that it essentially duplicated the allegations in the first action. The day before a scheduled hearing on the demurrer, Shade filed a first amended complaint that purported to "replace in total" the first complaint to eliminate any claim for negligence. The amended complaint is based on "product warranty." In it, Shade alleges that Freedhand used a hip-replacement product provided by "DePuy Orthopedics." Although the bulk of the complaint focuses on the product's defects, the complaint does not attempt to add DePuy or any other party to the action.

Freedhand demurred to the amended complaint on the ground that it failed to state a cause of action against him. The trial court agreed that Shade's sole cause of action for "product warranty" failed to state a claim against Freedhand, and it sustained the demurrer without leave to amend. Shade appealed the order.[1]

II.

DISCUSSION

A.      *The Trial Court Properly Sustained Freedhand's Demurrer.*

In rambling and disjointed appellate briefs, Shade argues that the trial court erred when it sustained the demurrer to his amended complaint. "In reviewing a trial court's order sustaining a demurrer, we review the order de novo to determine whether the complaint states a cause of action as a matter of law. [Citation.] We give the complaint a reasonable interpretation, reading it as a whole and its parts in context. [Citations.] We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)

---

[1] We recognize that an appeal may not ordinarily be taken from an order sustaining a demurrer but only from the order of dismissal or final judgment that follows. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1.) Nonetheless, we exercise our discretion to treat this as an appeal from a final judgment because it is clear from the trial court's order that the action was "dismissed," and Freedhand could not possibly have been misled or prejudiced by the premature appeal. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 68.)

2

Shade's amended complaint purports to allege a cause of action for "product warranty." We construe the complaint as being one based on a theory of strict products liability because it focuses almost entirely on the alleged defects with the product that Freedhand surgically implanted and seeks recovery under "whatever legal theory that may be applicable such as strict liability."

The legal rules governing actions for strict products liability are well settled. "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." (*Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 62.) The doctrine also applies to *retailers* of defective products if the defendant is engaged in the business of selling such a product. (*Vandermark v. Ford Motor Co.* (1964) 61 Cal.2d 256, 262-263; *LaRosa v. Superior Court* (1981) 122 Cal.App.3d 741, 754.) But providers of medical services, as opposed to those who sell or manufacture products, are not in the business of selling products, and thus are generally not subject to strict products liability. (*Murphy v. E. R. Squibb & Sons, Inc.* (1985) 40 Cal.3d 672, 679 [pharmacist not strictly liable for distributing allegedly defective drug, because pharmacist is not in business of sales; role is more akin to that of a service provider]; *Hector v. Cedars-Sinai Medical Center* (1986) 180 Cal.App.3d 493, 507-508 [hospital not strictly liable for defective pacemaker because it is not "engaged in the business of selling pacemakers"]; *Silverhart v. Mount Zion Hospital* (1971) 20 Cal.App.3d 1022, 1024, 1028 [hospital not subject to strict liability where surgical needle broke during an operation, injuring patient; hospital is a user or consumer of such a needle, not a seller engaged in business of selling needles].) Thus, doctors who implant devices are not in the business of selling devices; rather, they use products "in the course of treatment as one element in their efforts to effect a cure, and furnishing the services does not depend on sale of a product." (*Murphy* at p. 679; see also *Carmichael v. Reitz* (1971)

3

17 Cal.App.3d 958, 979 [doctor not strictly liable for prescribing defective drug to patient].)

Giving Shade's amended complaint a reasonable interpretation, and reading it as a whole and its parts in context, Shade alleges that Freedhand was no more than a user—as opposed to a seller—of the hip-replacement device. The amended complaint therefore fails to state a cause of action for products liability against Freedhand.

To the extent that Shade's "product warranty" cause of action is an attempt to sue Freedhand under a theory of express or implied warranties, such a claim also fails. The theory of strict liability has virtually superseded the concept of implied warranties in cases involving personal injuries resulting from defective products. (*Grinnell v. Charles Pfizer & Co.* (1969) 274 Cal.App.2d 424, 432.) Because the liability imposed by strict tort liability and breach of express and implied warranties is "virtually the same," and a sale is an essential element to imposing liability under all those theories, it follows that Freedhand cannot be liable in the absence of any allegation that he sold a product to Shade. (*Shepard v. Alexian Brothers Hosp.* (1973) 33 Cal.App.3d 606, 615; *Hector v. Cedars-Sinai Medical Center*, *supra*, 180 Cal.App.3d at p. 508, fn. 3 [for same reason doctor cannot be held strictly liable, doctor cannot be held liable under breach of warranty theory].)

Shade does not directly address the trial court's conclusion that his amended complaint fails to state a cause of action for "product warranty." Instead, he argues about Freedhand's allegedly negligent conduct. However, this court already has affirmed the sustaining of the demurrer regarding professional negligence in the previous action. (*Shade I*, *supra*, A134754.) Moreover, Shade's amended complaint specifically states that Freedhand's negligence is "*not an issue in this action*." (Italics added.) We need not address Freedhand's alleged negligence yet again.

Shade also raises a number of arguments that were not raised below and are not supported by legal authority or any citation to the appellate record. We need not address

4

them.  (Cal. Rules of Court, rule 8.204(a)(1)(C) [appellate briefs must be supported by record citations]; *In re Daniel M.* (2003) 110 Cal.App.4th 703, 708 [where party "develops no [coherent] argument" and cites no supporting authority, issue may be treated as waived]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [court may treat point as waived if no citation provided on it].)  These arguments include Shade's contentions that his constitutional rights were violated, that he is the victim of an intentional tort, that Freedhand breached the doctrine of informed consent, that Freedhand's insurance company should be audited by the Insurance Commissioner for refusing to settle, and that Freedhand has accepted "kickbacks" from DePuy.  In the absence of any legal or factual support for these arguments, which are apparently raised for the first time on appeal, we treat them as waived.  (*Michael P. v. Superior Court* (2001) 92 Cal.App.4th 1036, 1042.)

In sum, because Shade's amended complaint contains no allegations that Freedhand was a seller of the artificial hip system he implanted in Shade, Shade's suit for "product warranty" fails.  (*Murphy v. E. R. Squibb & Sons, Inc.*, *supra*, 40 Cal.3d at p. 679.)

### B.      *The Trial Court Did Not Abuse its Discretion in Denying Shade Leave to Amend.*

Shade argues that the trial court abused its discretion when it denied him leave to amend.  We disagree.  " 'An order sustaining a demurrer without leave to amend will constitute an abuse of discretion if there is any *reasonable possibility* that the defect can be cured by amendment.' [Citation.]  'The burden is on the plaintiff[] to demonstrate that the trial court abused its discretion and to show in what manner the pleadings can be amended and how such amendments will change the legal effect of their pleadings. [Citations.]' " (*McGettigan v. Bay Area Rapid Transit Dist.* (1997) 57 Cal.App.4th 1011, 1023-1024, original italics.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474,

5

478.) "Nothing . . . requires an appellate court to hold that the trial judge has abused his discretion if on appeal the plaintiff[] can suggest no legal theory or state of facts which [he] wish[es] to add by way of amendment." (*HFH, Ltd. v. Superior Court of Los Angeles County* (1975) 15 Cal.3d 508, 513, fn 3.)

Shade raises no new facts or authority demonstrating that he might be able to cure the defects in his complaint. More to the point, he does not assert that Freedhand was in the business of selling the artificial hip system he received, a crucial element of any claim based on the allegedly defective product. And we seriously doubt his ability to do so. We conclude that the trial court did not abuse its discretion in denying Shade leave to amend his complaint yet again because there is no reasonable indication that Shade could cure the fatal flaws in the amended complaint.

### III.
### DISPOSITION

The judgment is affirmed. Freedhand shall recover his costs on appeal.


_____
Humes, J.


We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.


6