Filed 2/5/14  Maktab Tarighat etc. v. Asisi CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MAKTAB TARIGHAT OVEYSSI SHAHMAGHSOUDI,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>KAMRAN AZIZI et al.,<br><br>　　Defendants and Appellants. | A138115<br><br>(Alameda County<br>Super. Ct. No. RG 10547879) |

Appellants Kamran Azizi and Hediyeh Shoar Azizi (Defendants) appealed from an order that imposed monetary sanctions on their attorney.  Because Defendants were not aggrieved by the order and the aggrieved attorneys did not appeal the order, we dismiss the appeal.

## I.　BACKGROUND

In 2010, Maktab Tarighat Oveyssi Shahmaghsoudi (MTO), a Sufi religious school, sued Defendants for allegedly embezzling funds from the school.  Carl A. Lindstrom substituted in as Defendants' counsel in June 2012, and James A. Otto associated in as cocounsel for Defendants in September 2012.  Between July 2012 and March 2013, the parties litigated discovery matters and MTO filed a motion for sanctions.

On March 1, 2013, the trial court issued a six-page order that included the following language:  "Mr. Lindstrom and Mr. Otto shall pay sanctions in the amount of

1

$10,500 to MTO for the time wasted by MTO and their counsel at the Azizi deposition and for the time spent on this motion. Sanctions are payable immediately."

On March 6, 2013, a notice of appeal was filed. The notice states, "NOTICE IS HEREBY GIVEN that . . . KAMRAN AZIZI AND HEDYEH SHOAR appeal[] from the following judgment or order in this case, which was entered on . . . March 1, 2013." The notice is signed by Otto on the signature line for "SIGNATURE OF PARTY OR ATTORNEY." In the caption section of the form, Otto identifies himself as the attorney for "Kamran Azizi and Hediyeh Shoar." Nothing on the face of the notice indicates that Otto intended to appeal the order on his own behalf.

## II.   DISCUSSION

"Any party aggrieved" may appeal "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (Code Civ. Proc., §§ 902, 904.1, subd. (a)(12).) Defendants do not argue that they were personally aggrieved by the sanctions order. Therefore, their appeal of the order must be dismissed.

Otto and Lindstrom did not include themselves as appellants in the notice of appeal. Therefore, the sanction ruling is not reviewable in this appeal. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42 (*Calhoun*); *Taylor v. Varga* (1995) 37 Cal.App.4th 750, 761, fn. 12; *Laborde v. Aronson* (2001) 92 Cal.App.4th 459, 465, disapproved on other grounds by *Musaelin v. Adams* (2009) 45 Cal.4th 512, 520; *In re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 38, fn. 1; see also *20th Century Ins. Co. v. Choong* (2000) 79 Cal.App.4th 1274, 1276–1277 [citing *Calhoun* for rule but not applying it on the facts of the case at bar].)

Otto and Lindstrom argue that we should liberally construe the notice of appeal to include them as appellants. They note that they identified themselves as "appellants" in applications to extend time to file their opening brief and in their opening brief; they cite Otto's poor health as an explanation for his error in omitting the attorneys' names from the notice of appeal; and they argue MTO has not been prejudiced by the error. They cite cases that hold generally that public policy favors deciding appeals on their merits and

2

that notices of appeal should be liberally construed.  (See also Cal. Rules of Court, rule 8.100(a)(2).)  However, none of the cases holds that a notice of appeal can be "liberally construed" to include an unnamed appellant, much less than an unnamed appellant who is a trained attorney and who filed the notice of appeal himself (or whose associate in law filed the notice).  (See *Jarkieh v. Badagliacco* (1945) 68 Cal.App.2d 426, 431, 433 [relieving appellant of procedural default in preparing record]; *Litzmann v. Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 205 [deeming nonconforming petition for review to be timely filed on the date it was submitted]; *Vibert v. Berger* (1966) 64 Cal.2d 65, 67–68 [construing premature notice of appeal from nonappealable order sustaining demurrer as notice of appeal from ensuing appealable judgment]; *Luz v. Lopes* (1960) 55 Cal.2d 54, 59–60 [construing ambiguous notice of appeal to include appeal from default judgment]; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20–21 [construing notice of appeal from order denying a new trial as notice of appeal from judgment].)

## III.  DISPOSITION

The appeal is dismissed.  Defendants shall bear MTO's costs on appeal.

3

_____
Bruiniers, J.

We concur:


_____
Jones, P. J.


_____
Simons, J.