Filed 11/21/25  RH Properties v. McBeth CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RH PROPERTIES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SANDRA K. MCBETH,<br><br>    Defendant and Appellant;<br><br>STEVEN MICHAEL TAMER,<br><br>    Objector and Appellant. | B334051<br><br>(Los Angeles County<br>Super. Ct. No.<br>22STCV34236) |

APPEALS from a judgment and an order of the Superior Court of Los Angeles County.  Kristin S. Escalante, Judge.  Affirmed.

Law Offices of Michael L. Tusken and Michael Lewis Tusken for Defendant and Appellant.

Tamer Law Corp. and Steven Tamer for Objector and Appellant.

Law Offices of Tabone and Derek L. Tabone for Plaintiff and Respondent.

_____

In a long-running dispute over possession of residential property, Attorney Steven Michael Tamer filed on behalf of his then-client Sandra K. McBeth motions to dismiss and for sanctions against RH Properties and its counsel. After the motions were denied, RH Properties filed its own motion for sanctions against Attorney Tamer and McBeth, which the trial court granted. Attorney Tamer and McBeth each appeal, contending the motion for sanctions against them should have been denied because RH Properties failed to comply with the mandatory safe harbor provisions of Code of Civil Procedure sections 128.5 and 128.7.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In a nutshell, McBeth lost title and ownership of her single-family residence in foreclosure after she defaulted on her mortgage payments in 2015. The property was sold at auction in 2018. McBeth has steadfastly refused to surrender possession of the property. She collects rent from tenants and/or subtenants.

RH Properties has been the title holder of the property since January 3, 2022. On October 24, 2022, RH Properties filed a verified complaint against McBeth alleging causes of action for trespass, ejectment, quiet title, and slander of title. (*RH Properties v. McBeth* (Super. Ct. L.A. County, 2022, No. 22STCV34236).) As part of the litigation, RH Properties requested the appointment of a receiver to collect rent on the property. The motion was heard and granted by the trial court (Judge Mitchell L. Beckloff) on April 21, 2023.

After the motion to appoint a receiver was granted, on April 26, 2023, McBeth filed a motion for terminating and monetary sanctions in the amount of $1,102,850 under section 128.7 against RH Properties and its counsel Derek Tabone. McBeth contended the motion to appoint a receiver was frivolous and its supporting documents were false.

Included in its written opposition to McBeth's sanctions motion, on May 15, 2023, RH Properties requested the trial court to impose sanctions against McBeth and Attorney Tamer under section 128.5. RH Properties

---

[1] Statutory references are to the Code of Civil Procedure.

argued, in part, McBeth's sanctions motion was frivolous because the motion to appoint a receiver had been granted.

On June 1, 2023, the trial court (Judge Anthony Mohr) heard and denied McBeth's sanctions motion, finding her contentions that (1) RH Properties' motion for a receiver was frivolous "is simply untrue, verging on dishonesty" and (2) the supporting documents were false was "unconvincing."[2]

After briefly taking the matter under submission, Judge Mohr addressed RH Properties' section 128.5 request for sanctions the same day. The court stated the request for sanctions was "well taken. The conduct by [McBeth and Attorney Tamer] is disgraceful and unprofessional." Judge Mohr noted, however, RH Properties did not file a separate motion as required by section 128.5 and "McBeth did not have sufficient time to exercise the safe harbor provision[] of Section 128.5." Judge Mohr opted, "in an abundance of caution," to grant RH Properties leave to file a sanctions motion under section 128.5 or section 128.7 or both statutes.

On June 12, 2023, RH Properties filed a separate motion for sanctions in the amount of $25,000 against McBeth and Attorney Tamer under sections 128.5 and 128.7. RH Properties again argued McBeth's sanctions motion was frivolous and brought in bad faith. On July 7, 2023, McBeth filed opposition to the motion, arguing in part that RH Properties had failed to comply with the statutes' safe harbor provisions before filing the motion.

On August 16, 2023, the trial court (Judge Kristin S. Escalante) granted RH Properties' motion for sanctions under section 128.5. Judge Escalante found McBeth's sanctions motion was "clearly frivolous" and brought in bad faith because it was filed after the prior bench officer had granted RH Properties' motion to appoint a receiver. Judge Escalante imposed sanctions jointly and severally against Attorney Tamer and McBeth in the amount of $14,935, payable to RH Properties.

---

[2] Judge Mohr also denied McBeth's motion for sanctions because a different bench officer had ruled on RH Properties' appointment of a receiver motion. (See *Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 99–100.)

Thereafter, Attorney Tamer was relieved as McBeth's counsel of record.

Attorney Tamer and McBeth each filed a timely notice of appeal. Represented by new counsel, McBeth joined in Attorney Tamer's briefs on appeal.

## DISCUSSION

Preliminarily, although Attorney Tamer and McBeth (collectively appellants) contend RH Properties was erroneously awarded sanctions under sections 128.5 and 128.7, the record shows sanctions were awarded only under section 128.5 on August 16, 2023.[3] We thus consider the propriety of the court's ruling based on that statute.

### A. Standard of Review and Legal Principals

We generally review a trial court's imposition of sanctions for abuse of discretion. (*20th Century Ins. Co. v. Choong* (2000) 79 Cal.App.4th 1274, 1277), although we review subsidiary factual questions for substantial evidence (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478–1479) and subsidiary legal questions de novo (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 921).

"Section 128.5 authorizes sanctions for certain bad faith actions or tactics." (*CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1001.) The statute allows a trial court to award as sanctions "reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a).) Significantly, the statute provides a "motion for sanctions brought by a party or a party's attorney primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, shall itself be subject to a

---

[3] Sections 128.5 and 128.7 differ in some respects:

Under section 128.7, only an attorney or unrepresented party may be sanctioned. The statute does not authorize sanctions against the represented party. Under section 128.5, the party, attorney, or both, may be sanctioned. Further, section 128.7 imposes a lower threshold for sanctions against an attorney; it requires only that the conduct be objectively unreasonable. Under section 128.5, a showing of subjective bad faith must be found. (See *In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1219–1221.)

4

motion for sanctions.  It is the intent of the Legislature that courts shall vigorously use its sanction authority to deter the improper actions or tactics or comparable actions or tactics of others similarly situated." (§ 128.5, subd. (g).)

## B.    Safe Harbor Provision

Appellants are not contesting the trial court's findings that RH Properties was entitled to an award of sanctions because McBeth's sanctions motion was frivolous and brought in bad faith within the meaning of section 128.5.  Instead, appellants raise two procedure-focused arguments:  First, they argue the trial court was barred from issuing sanctions because RH Properties did not comply with section 128.5's 21-day safe harbor provision. (§ 128.5, subd. (f)(1)(B).)  Because this argument concerns a question of law, it is subject to our independent review.

The 21-day safe harbor provision applies only to certain sanctions motions brought under section 128.5.  The party must serve a separate motion for sanctions.  (§ 128.5, subd. (f)(1)(A).)  If the challenged action or tactic is one "that can be withdrawn or appropriately corrected," the party seeking sanctions must not immediately file the motion, waiting at least 21 days to allow the offending party to do so to avoid sanctions.  (§ 128.5, subd. (f)(1)(B).)  If the challenged action or tactic is not corrected or withdrawn within the safe harbor period, the moving party may file the sanctions motion.  (*Ibid.*; *Nutrition Distribution, LLC v. Southern SARMs, Inc.* (2018) 20 Cal.App.5th 117, 124–125.)

The circumstances in this case are quite unique.  As stated, McBeth moved for sanctions under section 128.7 claiming RH Properties' previously granted receivership motion was frivolous.  Judge Mohr denied the sanctions motion as frivolous and lacking credible evidentiary support.  Judge Mohr also determined McBeth was making an improper motion for reconsideration before a different bench officer.[4]

---

[4] Section 128.7 contains a 21-day safe harbor provision that is similar, but not identical to section 128.5's safe harbor provision.  Section 128.7, subdivision (c)(1) requires compliance with the safe harbor provision.  Section 128.5, subdivision (f)(2) applies the safe harbor provision if the offending action is making or opposing a written motion or pleading and only if the

In its written opposition to McBeth's sanctions motion, RH Properties requested sanctions be imposed against appellants. It is clear from the June 1, 2023 minute order that Judge Mohr determined RH Properties' request had merit. However, rather than impose sanctions in response to RH Properties' opposition request, Judge Mohr gave RH Properties leave to file a separate motion as required by section 128.5. This provided appellants a full opportunity to be heard on RH Properties' proposed sanctions.

What is unclear is why Judge Mohr stated in the June 1, 2023 minute order that "McBeth did not have sufficient time to exercise the safe harbor provision[] of Section 128.5" as another reason not to grant RH Properties' request in its opposition. "The purpose of the safe harbor provision is 'to conserve judicial resources otherwise spent adjudicating a sanctions motion by affording a prescribed period of time during which a party may correct or withdraw a frivolous or improper pleading or motion without any penalty.' " (*Changsha Metro Group Co., Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1, 8.) Here, there was nothing for McBeth to correct or withdraw; her sanctions motion had already been denied. Thus, even though RH Properties subsequently presented a separate motion for sanctions under section 128.5, it was not subject to the safe harbor provision. To be sure, compliance with the 21-day period is mandatory when it applies. (*Transcon Financial, Inc. v. Reid & Hellyer, APC* (2022) 81 Cal.App.5th 547, 551.) But it does not apply in all circumstances. Instead, application of the safe harbor provision is conditional. According to the plain language of section 128.5: "If the alleged action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading *that can be withdrawn or appropriately corrected*, a notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected." (§ 128.5, subd. (f)(1)(B), italics added; *Changsha Metro Group Co., Ltd. v. Xufeng, supra,* 57 Cal.App.5th at p. 17 [section

---

action can be withdrawn or corrected. McBeth filed her sanctions motion five days after RH Properties' motion for a receiver was granted, contrary to both safe harbor provisions.

6

128.5's legislative history reveals Legislature did not want the safe harbor provision to apply when withdrawal or correction of the allegedly frivolous document or act would be impractical].) In this case, withdrawal or correction of McBeth's sanctions motion would have been impossible following its denial. There was no way for appellants to benefit from the safe harbor provision to avoid the imposition of sanctions under section 128.5. Appellants have suggested none.

We can infer from Judge Escalante's imposition of sanctions against appellants after she found McBeth's sanctions motion was "clearly frivolous" and made in bad faith that Judge Escalante properly concluded section 128.5's safe harbor provision was inapplicable.

Appellants' second procedure-focused argument is "[b]ecause the 21-day safe harbor period is intended to give a party filing an ostensibly frivolous motion an opportunity to withdraw the motion, neither a party [n]or a [trial] court may seek, or award, sanctions after the court has already ruled on the offending motion." To support this argument, appellants rely on *Malovec v. Hamrell* (1999) 70 Cal.App.4th 434 and *Moofly Productions, LLC v. Favila* (2018) 24 Cal.App.5th 993. However, those cases are not relevant here because they concern the 21-day period of section 128.7, which unlike the safe harbor provision of section 128.5, is mandatory whenever sanctions are sought under that statute. (See § 128.7, subd. (c)(1).)

Further, appellants had ample time to withdraw McBeth's sanctions motion against RH Properties. The motion was filed on April 26, 2023. It was set for hearing on June 1, 2023. On April 27, 2023, RH Properties e-mailed appellants a letter demanding that McBeth's sanctions motion be withdrawn. In the letter, RH Properties stated a factual basis for the demand (the motion to appoint a receiver had been granted) and advised if the sanctions motion was not withdrawn, RH Properties would make a request for sanctions against appellants in its opposition. On May 15, 2023, RH Properties filed its opposition to McBeth's sanctions motion and included a request for sanctions under section 128.5 Although appellants had 34 days in which to withdraw McBeth's sanctions motion before the June 1, 2023 hearing, they chose not to do so. Nor did appellants explain why the motion

7

was not frivolous or sanctionable in the face of the definitive court ruling that a receiver be appointed.

We note RH Properties relied on section 128.5, subdivision (c) to seek sanctions in its opposition to McBeth's sanctions motion.  Under that statute, a trial court may award " 'reasonable expenses, including attorney's fees' when an opposing party has acted frivolously.  Section 128.5, subdivision (c), provides that expenses may only be awarded if notice is given 'in a party's moving or responding papers' and after an 'opportunity to be heard.' " (*Changsha Metro Group Co., Ltd. v. Xufeng, supra,* 57 Cal.App.5th at p. 8.) Therefore, "attorney's fees may be awarded as expenses, and expenses may be requested in a party's responding papers." (*Ibid.*)  While section 128.5, subdivision (c) appears to contradict subdivision (f)(1)'s requirement of a separate motion, this is not a dilemma to be resolved in this case.  (See *id.* discussion at pp. 8–13.)  The cases on which appellants rely, *Transcon Financial, Inc. v. Reid & Hellyer, APC, supra,* 81 Cal.App.5th 547, and *Zarate v. McDaniel* (2023) 97 Cal.App.5th 484 do not address this apparent conflict. In any event, it was reasonable for RH Properties to rely on section 128.5, subdivision (c) in drafting its opposition and then on subdivision (f)(1)(A) when ordered to file a separate motion.

RH Properties' motion for sanctions was properly granted.

## DISPOSITION

The judgment and the order are affirmed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



CHAVEZ, J.



RICHARDSON, J.