Filed 2/21/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEVEN VARGAS,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>CHERYL BALZ, as City Clerk, etc., et al.,<br><br>    Defendants and Respondents;<br><br>CITY OF BREA et al.,<br><br>    Real Parties in Interest and<br>Respondents. | G047591<br><br>(Super. Ct. No. 30-2012-00585496)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Reversed and remanded.  Respondents' motion to dismiss. Denied.  Respondents' motion for judicial notice.  Granted.  Appellant's motion for judicial notice.  Granted.

Edward M. Teyssier for Plaintiff and Appellant.

Van Susteren Law Group and Adam Van Susteren for Ballotpedia and Californians Aware as Amici Curiae on behalf of Plaintiff and Appellant.

James L. Markman, City Attorney; Richards, Watson & Gershon, Mitchell E. Abbott, Patrick K. Bobko and Byron Miller for Defendant and Respondent Cheryl Balz and for Real Parties in Interest and Respondents.

No appearance for Defendant and Respondent Neal Kelley.

\*          \*          \*


INTRODUCTION

The Brea City Clerk is responsible for transmitting to the Orange County Registrar of Voters all arguments in favor of or in opposition to municipal initiatives.  In this case, we hold the city clerk does not have the authority to change an argument, or the accompanying statutorily required signature form identifying the author of the argument, to effectuate what the city clerk believed was the author's intent.  The signature form is a required part of a ballot measure argument.  The Elections Code provides procedures by which an argument's author may change, modify, or amend the argument.  The Brea City Clerk's changes to certain arguments in opposition to two municipal initiatives on the November 2012 ballot violated the Elections Code.  The city clerk further violated the Elections Code by failing to make those changes publically available.  Instead, the city clerk provided the changes only to the registrar of voters for inclusion in the published sample ballot, but did not publish them on the city's Web site or otherwise make them available to the public.  We reverse the trial court's judgment and remand for further proceedings.

Although the election has long since passed, and there is no longer an actual controversy regarding the two initiatives at issue, we exercise our discretion to consider this appeal.  We do so because the issues presented are of significant public interest and are likely to recur while evading review, given the timeframes applicable to elections.

2

The Brea Accountability Act and the Brea Open Governance Act were initiative petitions authored by Brea resident Glenn Vodhanel. After the Orange County Registrar of Voters concluded both initiative petitions contained a sufficient number of valid signatures, the Brea City Council adopted resolution Nos. 2011-003 and 2011-071, placing the measures on the next municipal election ballot.

The city council also adopted resolution No. 2012-050, authorizing the drafting of arguments regarding the two initiatives. The resolution read, in relevant part, as follows: "Now therefore, the City Council of the City of Brea, California does resolve, declare, determine and order as follows: [¶] 1. The City Council hereby authorizes: [¶] Ron Garcia (Councilmember in Favor/Against) [¶] Roy Moore (Councilmember in Favor/Against) [¶] Brett Murdock (Councilmember in Favor/Against) [¶] Don Schweitzer (Councilmember in Favor/Against) [¶] Marty Simonoff (Councilmember in Favor/Against) [¶] as members of the City Council, to file (a) written argument(s) not exceeding 300 words regarding the City measures specified above, accompanied by the printed name(s) and signature(s) of the author(s) submitting it, in accordance with Sections 9280 through 9287 of the California Elections Code, and to change the argument until and including the date fixed by the City Clerk after which no arguments for or against the City measure may be submitted to the City Clerk. [¶] The arguments shall be filed with the City Clerk, signed, with the printed name(s) and signature(s) of the author(s) submitting it, or if submitted on behalf of an organization, the name of the organization and the printed name and signature of at least one of its principal officers who is the author of the argument. The Form of Statement to Be Filed By Author(s) of Argument shall accompany the arguments." (Boldface & some capitalization omitted.)

Brea City Clerk Cheryl Balz (the city clerk) issued a notice to voters, advising that arguments for or against the two initiatives were due no later than July 3,

2012. In relevant part, the notice provided: "[T]he legislative body of the City, or any member or members thereof authorized by the body, or any individual voter or bona fide association of citizens, or any combination of voters and associations, may file a written argument, not-to-exceed 300 words in length, accompanied by the printed names(s) and signatures(s) of the authors(s) submitting it, or if submitted on behalf of [an] organization, the name of the organization, and the printed name and signature of at least one of its principal officers who is the author of the argument, for or against the City measure(s)." The notice also provided that rebuttal arguments could be submitted by the authors of direct arguments within 10 days after the final date for filing direct arguments. Rebuttal arguments were limited to 250 words, but had the same requirements regarding the names and signatures of the arguments' authors.

At a special meeting convened on July 3, 2012, the city council authorized Mayor Don Schweitzer and Mayor Pro Tempore Brett Murdock to prepare arguments against the two initiatives and to prepare rebuttal arguments in opposition to the arguments in favor of the initiatives, all of which were to be published in the sample ballot, on behalf of the city council. The city attorney advised that the arguments would be signed, "City Council of the City of Brea by the Mayor, attested by the City Clerk." Schweitzer and Murdock provided the arguments against the initiatives to the city clerk later that day. Each argument was accompanied by a document entitled, "Form of Statement to be Filed by Authors of Arguments," which was signed by Don Schweitzer and Brett Murdock; Schweitzer was identified by the title "Mayor" and Murdock by the title "Mayor Pro Tem." The name of the city council did not appear on the documents submitted in opposition to the initiatives.

At 6:09 p.m. on July 3, 2012, the city clerk transmitted the arguments in favor of and in opposition to the initiatives to the Orange County Registrar of Voters by electronic mail. As to the arguments in opposition to the initiatives, she instructed the registrar: "The names that should be printed with the Arguments Against should be as

4

follows as per our legal coun[se]l: [¶] City Council of the City of Brea [¶] By: Don Schweitzer, Mayor [¶] Attest: Cheryl Balz, City Clerk." Immediately thereafter, the city clerk sent the arguments against the initiatives, via electronic mail, to Vodhanel, as required by Elections Code section 9285, subdivision (a)(1). She did not include in the e-mail to Vodhanel the information she had provided to the registrar regarding the city council's adoption of the arguments against the initiatives, nor did the argument materials posted on the city's Web site or otherwise available to the public include that information.

On July 13, 2012, Schweitzer and Murdock prepared rebuttals to the arguments in favor of the initiatives and presented those rebuttal arguments to the city clerk. The city clerk again transmitted the arguments to the registrar by electronic mail, with the same instruction regarding the change in the names of the parties making the arguments, quoted *ante*. Again, the materials on the city's Web site and otherwise publically available did not state the registrar had been provided with different information regarding the authors of the rebuttal arguments.

Despite a request to do so by Vodhanel's attorney, the city clerk refused to change or modify the ballot measure information provided to the registrar.

Steven Vargas, a Brea resident, filed a petition for a writ of mandate to compel the city clerk and the registrar to print the ballot arguments submitted by Schweitzer and Murdock as having been submitted by them, not by the city council. Following briefing and a hearing, the trial court granted the petition in part and denied it in part. The only change ordered by the court was the addition of the following line before the city clerk's attestation to the signature block at the end of the ballot arguments: "By: Brett Murdock, Mayor Pro Tempore." Judgment was entered, after which Vargas filed a motion for a new trial. The trial court denied the motion for a new trial, and Vargas timely appealed from the judgment.

5

On November 6, 2012, one initiative was approved by the voters; the other was rejected.

MOTION TO DISMISS

The city clerk, the City of Brea, Schweitzer, and Murdock (respondents) filed a motion to dismiss the appeal on the ground it is moot because the election has long since passed. "It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10; see *Lenahan v. City of Los Angeles* (1939) 14 Cal.2d 128, 132 [appeal challenging the sufficiency of signatures on recall petition dismissed as moot after recall election held]; *Mapstead v. Anchundo* (1998) 63 Cal.App.4th 246, 272-277 [same re referendum election].) Strictly speaking, there is no actual controversy in this case because the election has been held and the results have been certified.[1]

Certain exceptions exist to the actual controversy requirement, however. One exception is that an appellate court may consider an appeal that, while moot, raises an issue of broad public interest that is likely to recur, but might avoid review. (*Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240, fn. 1.) Issues in elections cases are of public importance, yet the timing of such cases means that they will frequently evade review because the election will have occurred before meaningful appellate review can be had. (See *Edelstein v. City and County of San*

---

[1] In support of their motion to dismiss, respondents filed a motion for judicial notice of the official results of the November 6, 2012 election. No opposition was filed. We grant the motion and take judicial notice of the document attached to respondents' motion, pursuant to Evidence Code sections 452, subdivision (b) and 459, subdivision (a), and California Rules of Court, rule 8.252(a).

6

*Francisco* (2002) 29 Cal.4th 164, 172; *Myers v. Patterson* (1987) 196 Cal.App.3d 130, 134-135.)[2]

Respondents claim that they have changed the signature form for arguments regarding ballot measures, ensuring that the issue presented by this case can never happen again. Respondents have failed to provide any evidence supporting this claim, however. More importantly, this case presents the broader issue of whether an elections official may amend an argument for or against a ballot measure, based on what he or she believes is the intent of the argument's author. Therefore, even if we had before us evidence that the argument signature form had been amended, we would nevertheless exercise our discretion to consider the merits of this appeal.

Another exception to the actual controversy rule arises when a material question remains for the court's consideration. The application of the material question exception to a case involving a question of election law mooted by the occurrence of the election was addressed in *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364-365: "'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] '[A] matter is considered moot if, as a result of changed circumstances, its determination by declaratory relief will no longer significantly affect the legal relations of the parties. [Citation.]' [Citation.] '"[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if all the questions have become moot by

---

[2] Vargas filed a motion for judicial notice in support of his opposition to the motion to dismiss. The documents of which Vargas asks us to take judicial notice relate to a City of Fullerton measure also on the November 6, 2012, ballot. Vargas contends that the documents show another instance of city officials changing the ballot materials, and therefore demonstrate that the issue presented by this appeal is likely to recur. No opposition to Vargas's motion for judicial notice was filed. We grant the motion and take judicial notice of the documents attached to Vargas's motion, pursuant to Evidence Code sections 452, subdivision (b) and 459, subdivision (a), and California Rules of Court, rule 8.252(a).

subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." [Citations.]' [Citation.]  [¶] However, '"[i]f an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot." [Citations.]' [Citation.]  [¶] The unsuccessful recall election has made the Registrar's appeal from the judgment moot as to the issuance of a writ of mandate.  [Citation.]  Reversing the judgment and instructing the trial court to enter a new judgment denying the request for a writ of mandate would have no practical effect.  [Citation.]  [¶] The Registrar's appeal from the portion of the judgment providing declaratory relief is not moot, however, because the propriety of the trial court's ruling on the merits of the action determines whether [the recall proponent] was eligible for an award of attorney fees as the successful party.  [Citations.]  Our review of the declaratory relief provided in this case will have the practical effect of determining the propriety of the fee award, and therefore, the issues are not moot.  [¶] Even were we to conclude that the appeal from the judgment is moot, the election law issues presented in this case are of broad importance and capable of recurring, and therefore, we would exercise our discretion to resolve the issues on the merits.  [Citation.]"  At a minimum, a resolution of the issue on the merits will allow for a proper determination of recovery of costs and attorney fees.[3]

_____

[3] Vargas argues that the appeal is not moot because an issue still exists as to the vindication of his reputation.  Vargas contends that he was disparaged by the city attorney and city council for bringing a frivolous lawsuit, causing the city to incur unnecessary expense.  Vargas was running for a position on the city council in the same election that the initiatives in question were on the ballot, and he therefore contends that his chance of success in the election was affected by the negative comments of the city officials.  We need not address this issue directly, given our conclusion that the motion to dismiss must be denied for other reasons.

8

Based on the two exceptions discussed *ante*, we exercise our discretion to consider Vargas's appeal although the election at issue has already occurred. We therefore deny the motion to dismiss the appeal on the ground of mootness.

DISCUSSION

I.

*STANDARD OF REVIEW*

Where, as here, the applicable facts are not in dispute, and the primary issue before us is a question of law, the appropriate standard of review is de novo. (*Kunde v. Seiler* (2011) 197 Cal.App.4th 518, 529.)

II.

*RELEVANT STATUTORY AUTHORITY*

We begin by quoting the sections of the Elections Code that are relevant to our analysis of the issues raised by this case:

"(a) For measures placed on the ballot by petition, the persons filing an initiative petition pursuant to this article may file a written argument in favor of the ordinance, and the legislative body may submit an argument against the ordinance. [¶] . . . [¶] (c) No argument shall exceed 300 words in length. [¶] (d) The city elections official shall include the following statement on the front cover, or if none, on the heading of the first page, of the printed arguments: [¶] 'Arguments in support or opposition of the proposed laws are the opinions of the authors.' [¶] (e) The city elections official shall enclose a printed copy of both arguments with each sample ballot; provided, that only those arguments filed pursuant to this section shall be printed and enclosed with the sample ballot. The printed arguments are 'official matter' within the meaning of Section 13303. [¶] (f) Printed arguments submitted to voters in accordance with this section shall be titled either 'Argument In Favor Of Measure_____' or

'Argument Against Measure_____,' accordingly, the blank spaces being filled in only with the letter or number, if any, designating the measure. . . ."  (Elec. Code, § 9282, subds. (a), (c)-(f).)

"A ballot argument may not be accepted under this article unless accompanied by the printed name and signature or printed names and signatures of the author or authors submitting it, or, if submitted on behalf of an organization, the name of the organization and the printed name and signature of at least one of its principal officers who is the author of the argument."  (Elec. Code, § 9283.)

"(a)(1) When an elections official receives an argument relating to a city measure that will be printed in the ballot pamphlet, the elections official shall send a copy of an argument in favor of the proposition to the authors of any argument against the measure and a copy of an argument against the measure to the authors of any argument in favor of the measure immediately upon receiving the arguments.  [¶] (2) The author or a majority of the authors of an argument relating to a city measure may prepare and submit a rebuttal argument or may authorize in writing any other person or persons to prepare, submit, or sign the rebuttal argument.  [¶] (3) No rebuttal argument may exceed 250 words.  [¶] (4) A rebuttal argument relating to a city measure shall be filed with the elections official no later than 10 days after the final filing date for primary arguments. [¶] (5) A rebuttal argument relating to a city measure may not be signed by more than five persons and shall be printed in the same manner as a direct argument and shall immediately follow the direct argument which it seeks to rebut."  (Elec. Code, § 9285, subd. (a)(1)-(5).)

"Based on the time reasonably necessary to prepare and print the arguments and sample ballots and to permit the 10-calendar-day public examination as provided in Article 6 (commencing with Section 9295) for the particular election, the city elections official shall fix a date 14 days from the calling of the election as a deadline, after which no arguments for or against any city measure may be submitted for printing and

10

distribution to the voters, as provided in this article.  Arguments may be changed or withdrawn by their proponents until and including the date fixed by the city elections official during the normal business hours of the elections official's office, as posted."  (Elec. Code, § 9286, subd. (a).)

"If more than one argument for or more than one argument against any city measure is submitted to the city elections official within the time prescribed, he or she shall select one of the arguments in favor and one of the arguments against the measure for printing and distribution to the voters.  In selecting the argument the city elections official shall give preference and priority, in the order named, to the arguments of the following:  [¶] (a) The legislative body, or member or members of the legislative body authorized by that body.  [¶] (b) The individual voter, or bona fide association of citizens, or combination of voters and associations, who are the bona fide sponsors or proponents of the measure.  [¶] (c) Bona fide associations of citizens.  [¶] (d) Individual voters who are eligible to vote on the measure."  (Elec. Code, § 9287.)

"The elections official shall make a copy of the material referred to in Sections 9223, 9280, 9281,[4] 9282, and 9285 available for public examination in the elections official's office for a period of 10 calendar days immediately following the filing deadline for submission of those materials. . . . [¶] . . . During the 10-calendar-day public examination period provided by this section, any voter of the jurisdiction in which the election is being held, or the elections official, himself or herself, may seek a writ of mandate or an injunction requiring any or all of the materials to be amended or deleted. The writ of mandate or injunction request shall be filed no later than the end of the 10-calendar-day public examination period."  (Elec. Code, § 9295, subds. (a), (b)(1).)

---

[4]  Elections Code section 9280 requires an impartial analysis of a city ballot measure by the city attorney, and Elections Code section 9281 provides that arguments for or against city ballot measures are governed by division 9, chapter 3, article 4 of the Elections Code unless the municipality's ordinance provides otherwise.

11

III.

*ANALYSIS*

The form for signatures of the author or authors of arguments in favor of or in opposition to ballot measures, which was used by the City of Brea before the November 2012 election, was defective. The form did not contain a space for the name of an organization submitting an argument, which is information required in an appropriate case by Elections Code section 9283.

Respondents do not dispute that the city clerk violated the Elections Code by instructing the registrar to change the signature block on the arguments in the sample ballot, but failing to make the same change when posting the arguments online and making them available to the public. Respondents argue, however, that the city clerk was merely correcting a typographical error to effectuate the intent of the city council. The record does not show the city clerk was aware of the city council's intent, however. Initially, resolution No. 2012-050 authorized any individual council member to file an argument *in support of or in opposition to* the initiative measures. As a result, resolution No. 2012-050 did not authorize any council member to submit an argument on behalf of the city council and did not even specify whether the city council was in favor of or against the initiatives.

At the July 3, 2012, special meeting of the city council, the council voted to authorize Schweitzer and Murdock to prepare arguments against the initiatives on the council's behalf; the arguments were to be signed by the "City Council of the City of Brea." When the arguments were presented to the city clerk, however, they were signed by Schweitzer and Murdock individually, as mayor and mayor pro tempore, respectively.[5] However, there is no evidence that the city clerk had any basis or personal knowledge to explain what transpired at the July 3 meeting. Her declaration does not

---

[5] Our analysis applies equally to the arguments in opposition to the initiatives and the rebuttals to the arguments in favor of the initiatives.

12

state that she attended the meeting, and none of the declarations states that Schweitzer, Murdock, or any other council member advised the city clerk of what had happened at the meeting.[6] The statement in respondents' appellate brief that "[i]t is uncontradicted that the City Clerk *knew* the City Council's intention, because she attended the July 3, 2012, special meeting, and took down the minutes," is unsupported by any evidence.

Even if the city clerk were aware of the intention of the city council to authorize Schweitzer and Murdock to submit the arguments against the initiatives on behalf of the city council, the Elections Code did not authorize her to unilaterally make a change in the argument as submitted. Under Elections Code section 9283, the city clerk should not have accepted an argument from an organization that did not have the organization's name on the signature form. By accepting the arguments without the organization's name, the city clerk was accepting them as arguments from the individual authors only. Elections Code section 9286, subdivision (a) provides a time period within which changes to the arguments could have been made after their submission. Schweitzer and Murdock, therefore, had a means for correcting the arguments'

---

[6] As to the July 3 meeting, the city clerk's declaration states: "On July 2, 2012, at the direction of the City Manager and City Attorney, I prepared a notice of a Special Meeting of the Brea City Council, to take place on July 3, 2012. The Mayor of the City of Brea, Don Schweitzer, signed the notice, and I gave notice, as required by law, by personally notifying all members of the City Council, and by posting a public notice of the Special Meeting at three public locations within the City. [¶] . . . On July 3, 2012, the City Council convened a Special Meeting and voted to authorize Mayor Don Schweitzer and Mayor Pro Tempore Brett Murdock to prepare arguments against the two initiative petitions, and also rebuttal arguments in opposition to the arguments in favor of the two initiative petitions, to be published in the Sample Ballot on behalf of the City Council of the City of Brea. During the July 3, 2012, meeting, Councilmember Moore asked how the arguments would be signed. The City Attorney's response was that it would be signed, 'City Council of the City of Brea by the Mayor, attested by the City Clerk.[']'" The city clerk's own declaration neither states she was present at the July 3 meeting nor explains the basis of her conclusions regarding the city council's intent. The declarations of Schweitzer and Murdock do not identify the city clerk as having been present at the special meeting, and neither states that he communicated to her what had happened at the meeting.

13

misidentification of them, rather than the city council, as authors of the arguments against the initiatives. Schweitzer and Murdock waited until the last possible moment to submit their arguments, thus eliminating the time provided by law in which they might have made necessary changes.

Finally, Elections Code section 9295, subdivision (b)(1) authorizes a period of time during which a writ of mandate may be sought to amend the ballot measure arguments. Respondents' argument that the city clerk was required to unilaterally, and without notice, change the signature blocks for the arguments in opposition to the initiatives to avoid misleading the public is disproven by the procedures set up by the Elections Code to properly, and with notice, make changes.

Respondents cite *Myers v. Patterson*, *supra*, 196 Cal.App.3d 130, for the proposition that the city clerk had a legal duty to correct the "technical error" in the signature forms attached to the ballot measure arguments submitted by Schweitzer and Murdock. We find the case actually supports Vargas's position. In *Myers*, the appellate court held that a city registrar "has a ministerial duty to place on the ballot all initiative measures *that comply with formal requirements*." (*Id.* at p. 136.) The corollary of that duty, applicable in *Myers*, is that the registrar has a duty to reject a ballot measure that does not comply with the formal requirements. (*Id.* at p. 137.) In the present case, Schweitzer and Murdock's signature form complied with the formal requirements of an argument submitted by individuals, not by an organization. The city clerk was duty bound to accept the signature form as the former, and deny it as the latter; she had no authority, and certainly no duty, to modify the signature form to make it fulfill the requirements of an argument submitted by an organization.

The city clerk also violated the Elections Code by failing to make publically available the same material that was sent to the registrar for inclusion in the sample ballot. (Elec. Code, § 9295, subd. (a).) Respondents do not address her failure in this regard. They contend that no one was misled by the change in the signature block.

14

We cannot agree with that contention. The information on the city's Web site and otherwise made publically available was different from the information submitted to the registrar for inclusion in the sample ballot.

Respondents argue that the city clerk had no obligation to help Vargas take advantage of a clerical mistake. The cases respondents cite are inapposite. Both *Vibert v. Berger* (1966) 64 Cal.2d 65, 68, and *Evola v. Wendt Construction Co.* (1958) 158 Cal.App.2d 658, 661, hold that an appeal from a demurrer can be construed as an appeal from the later-entered judgment of dismissal. As the *Evola* court noted, "[n]o one was misled. No prejudice to the respondent appears." (*Evola v. Wendt Construction Co.*, *supra*, at p. 661.) The issue presented by this case is not comparable to whether one party to a lawsuit could have been misled when the other party filed a notice of appeal from a nonappealable order rather than a later-entered appealable judgment. We are considering here the fairness of the elections process, and the transparency needed on the part of elections officials to ensure clarity for all voters.

Vargas and the amici curiae argue that the city clerk's modification to the signature forms for Schweitzer and Murdock's arguments against the initiatives might have improperly chilled challenges to those arguments. Code of Civil Procedure section 1021.5 authorizes an award of attorney fees to a prevailing party in a case of important public interest. The statute allows awards against, but not in favor of, public entities. (Code Civ. Proc., § 1021.5.) The use of the individuals' names on the arguments against the initiatives—which was all the public could have seen during the statutory period after the arguments were submitted—could have had a chilling effect on the willingness of any other member of the community to challenge the arguments against the initiatives by writ petition. (Elec. Code, § 9295, subd. (b)(1).) On remand, Vargas may make a motion for attorney fees under Code of Civil Procedure section 1021.5. We express no opinion on the merits of such a motion.

15

DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings. Appellant to recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.