Filed 9/18/14  Neff v. DeNoce CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RONALD A. NEFF,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS J. DENOCE,<br><br>Defendant and Appellant. | B252039<br><br>(Los Angeles County<br> Super. Ct. No. LS020957) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James A. Steele, Judge.  Appeal dismissed as moot.

Douglas J. DeNoce, in pro. per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

**INTRODUCTION**

Defendant and appellant Douglas DeNoce appeals from an order denying a motion to dissolve a temporary restraining order (TRO) obtained by plaintiff and

respondent Ronald Neff.  Because the order from which DeNoce appeals extended the TRO only to February 21, 2014, a date which passed over six months ago, the instant appeal is moot, and accordingly, is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Neff filed a request for an order to stop civil harassment by DeNoce pursuant to section 527.6,[2] along with an application for a TRO.  Neff contended that DeNoce had stalked and harassed him.  On December 13, 2010, the court granted the TRO, and has since renewed and modified it several times.

On December 22, 2010, DeNoce filed a special motion to strike Neff's petition pursuant to section 425.16, alleging that the true purpose of Neff's petition seeking an injunction against harassment was to prevent DeNoce from prosecuting his various civil actions against Neff.  The trial court denied DeNoce's anti-SLAPP motion, and we affirmed the order on the ground that DeNoce failed to show that the challenged cause of action arose from protected activity.  DeNoce subsequently filed a renewed motion to strike pursuant to section 425.16, which was not successful.  On December 11, 2013, we dismissed DeNoce's appeal from the trial court's decision on the grounds that (1) DeNoce failed to obtain and include an appealable order in the record, and (2) an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable.

---

[1]  We take judicial notice of this court's opinions in DeNoce's previous appeals (*Neff v. DeNoce* (March 21, 2012, B230064 [nonpub. opn.] and *Neff v. DeNoce* (Dec. 11, 2013, B243414 [nonpub. opn.]).  Some background facts have been taken from these previous opinions.

[2]  All undesignated references to code sections are to the Code of Civil Procedure.

While DeNoce's appeal regarding his renewed anti-SLAPP motion was pending, on July 23, 2013, DeNoce filed a motion to dissolve the TRO pursuant to section 527.8, subdivision (k)(1), based on a purported change in circumstances. The trial court denied the motion and extended the TRO until February 21, 2014. DeNoce timely appealed from that August 16, 2013 order. (§ 904.1, subd. (a)(6).)

DeNoce asserts in his opening brief that on February 21, 2014, the trial court again denied a motion to dissolve the TRO, but he does not include that order in the record. The instant appeal is limited to the August 16, 2013 order extending the TRO until February 21, 2014.

## DISCUSSION

"'[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.'" (*Vargas v. Balz* (2014) 223 Cal.App.4th 1544, 1549.) In particular, "'[i]f relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot. [Citation.]' [Citation.]" (*City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.)

The August 16, 2013 order from which DeNoce has appealed extended the TRO only until February 21, 2014. Because February 21, 2014 has since passed, that order no longer has any effect and the appeal from that order is moot. We may not treat DeNoce's appeal as if it were based on a subsequent order, not in the present record, further extending the TRO. Accordingly, we dismiss the instant appeal as moot.

3

**DISPOSITION**

The appeal is dismissed as moot. Because respondent did not file a respondent's brief or otherwise make an appearance on appeal, no costs are awarded on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

4