Filed 12/26/24  Chicoans Against Financial Mismanagement etc. v. City of Chico CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| CHICOANS AGAINST FINANCIAL MISMANAGEMENT - NO ON MEASURE H et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF CHICO et al., <br><br> Defendants and Respondents. | C098442 <br><br> (Super. Ct. No. 22CV01954) |

This appeal concerns a sanctions award.

In advance of a local election taking place in Chico in November 2022, Karl Ory submitted an argument in opposition to a ballot measure for publication in the sample ballot distributed to voters.  The argument was accompanied by a ballot argument signature statement signed by the five individuals on whose behalf the ballot argument had been submitted.  The signature statement also checked a box indicating that the ballot

1

argument was being submitted on behalf of a bona fide association of citizens, but the signature statement did not include the name of the association. Deborah Presson, the local elections official, informed Ory that she had chosen another ballot argument submitted by an individual voter to be published in the sample ballot.

Plaintiffs Chicoans Against Financial Mismanagement - No on Measure H (the association), which was the association on behalf of which Ory had submitted the ballot argument, and Ory (collectively petitioners) filed a petition for writ of mandate against Presson and the City of Chico (collectively the City) seeking to compel the City of Chico to publish their ballot argument. Petitioners argued Elections Code section 9287 required Presson to prioritize their ballot argument submitted by a bona fide association of citizens over one submitted by an individual voter.[1] The trial court denied the petition on the basis that sections 9283 and 9287 required petitioners to identify the association and submit documents demonstrating that the association qualifies as a bona fide association of citizens.

Following the trial court's denial of the petition, the City filed a motion for monetary sanctions against petitioners and their attorney, James Michael Anthony, which the court granted on the basis that the petition was frivolous and petitioners had acted in bad faith in bringing the petition.[2]

On appeal, petitioners contend sanctions were inappropriately awarded because the City failed to comply with a safe harbor procedure, and the trial court abused its discretion in awarding sanctions because the City did not establish that petitioners acted

---

[1] Further undesignated statutory references are to the Elections Code.

[2] As counsel for petitioners, Anthony was not a party to the petition. However, because the trial court imposed sanctions jointly and severally on Ory, Chicoans, and Anthony, he is a party to this appeal. Although the parties on appeal are different than the parties named in the petition for writ of mandate, this opinion will refer to both sets of parties as "petitioners."

in bad faith.  As we will explain, petitioners failed to preserve their safe harbor argument, and do not establish abuse of discretion on appeal.  Accordingly, we affirm.

**FACTS AND PROCEEDINGS**

*Background*

On August 19, 2022--the final day for submitting such arguments--Karl Ory submitted for publication in the sample ballot an argument in opposition to Chico local Measure H, which was up for vote in an election taking place on November 8, 2022.  Along with the ballot argument, Ory submitted a "ballot argument signature statement" (signature statement); a form required by the Butte County Elections Office to be submitted with the ballot argument.  The signature statement required the person submitting it to check a box indicating whether the ballot argument was submitted by the Board of Supervisors or any member thereof, an individual citizen eligible to vote on the measure, or a "Bona Fide Association of Citizens."  The signature statement submitted by Ory checked the box indicating that the argument was submitted by a bona fide association of citizens.  In the section titled "ballot argument contact," Ory provided his name and personal contact information.  The bottom of the signature statement provided space for up to five people to print their names and "Title and Name of Organization," and to sign and date the form.  Five individuals provided their names, titles, signatures, and signature dates.  They provided their titles, respectively, as "council candidate district 2," "council candidate [district] 3," "council candidate [district] 6," "former mayor of Chico," and "concerned citizen."  None of the individuals who signed the signature statement provided the name of an organization or association of citizens, and the submitted form did not otherwise provide one.

That same day, Deborah Presson, city clerk and elections official, e-mailed Ory a letter informing him his ballot argument had not been chosen for publication in the sample ballot because she had selected an argument submitted earlier by an individual voter.  Presson explained that, in the event more than one argument against any city

3

measure were submitted to the elections official, section 9287 establishes which opposition argument would be selected.[3] Presson clarified that she selected the other voter's ballot argument pursuant to section 9282, subdivision (b), which provides: "For measures placed on the ballot by the legislative body, the legislative body, or a member or members of the legislative body authorized by that body, or an individual voter who is eligible to vote on the measure, or bona fide association of citizens, or a combination of voters and associations, may file a written argument for or against any city measure."

On August 20, Ory responded to Presson's letter that she was required to prefer arguments submitted by bona fide associations of citizens over those submitted by individual voters, and asserted that the City had an obligation to clarify what criteria were used to select another ballot argument over the one he had submitted. Ory signed his letter as representing the association.

On August 21, Ory e-mailed Presson an unsigned copy of the association's statement of organization, dated August 19, 2022. The statement of organization listed Ory as the association's treasurer and principal officer.[4]

On August 22, Presson referred Ory to her August 19 letter as the justification for not selecting the ballot argument he submitted.

*Petition for Writ of Mandate*

On August 26, petitioners filed a verified petition for writ of mandate (Code Civ. Proc., § 1085) to compel the City to publish their ballot argument. The petition alleged that the City violated Elections Code section 9287 by selecting a ballot argument

---

[3] As relevant here, section 9287 requires the elections official to give priority to an argument submitted by a bona fide association of citizens over one submitted by an individual voter eligible to vote on the measure. (§ 9287, subd. (a)(3), (4).)

[4] In his e-mail, Ory stated, "The original with signatures of the attached courtesy copy of our [statement of organization] will be mailed to the Secretary of State."

4

submitted by an individual over their argument submitted by a bona fide association of citizens.

On August 29, petitioners filed an ex parte application seeking an emergency protective order and an order shortening time to hear their petition, arguing that their petition was likely to succeed on the merits, and their ballot argument would not be published in the sample ballot unless their claims were resolved on an expedited basis.

The City opposed the ex parte application on the day it was filed, arguing that petitioners failed to provide the name of the association when submitting their ballot argument as required by section 9283,[5] and failed to submit information required by section 9287, subdivision (b)[6] to demonstrate that the association qualified as a bona fide association of citizens.

Eric Salbert (counsel for the City) wrote an e-mail to James Anthony (counsel for petitioners) on August 29 requesting that petitioners withdraw their ex parte application and writ petition because they lacked probable cause. Salbert wrote that petitioners failed to comply with subdivision (b) of section 9287.

---

[5] Section 9283 provides in relevant part: "A ballot argument may not be accepted under this article unless accompanied by the printed name and signature or printed names and signatures of the author or authors submitting it, or, if submitted on behalf of an organization, the name of the organization and the printed name and signature of at least one of its principal officers who is the author of the argument."

[6] Section 9287, subdivision (b) provides: "In order to enable the city elections official to determine whether it qualifies as a bona fide association of citizens, an organization or association submitting an argument for or against a city measure shall submit with its argument a copy of one of the following: [¶] (1) Its articles of incorporation, articles of association, partnership documents, bylaws, or similar documents. [¶] (2) Letterhead containing the name of the organization and its principal officers. [¶] (3) If the organization or association is a primarily formed committee established to support or oppose the measure, its statement of organization filed pursuant to Section 84101 of the Government Code."

Anthony acknowledged via e-mail that Salbert had referred to petitioners' claims as " 'bogus' " and that Anthony understood "that from your plain reading and strict application of the [E]lections [C]ode your analysis is that my client failed to meet a requirement in their application which is thus fairly flawed." Nevertheless, Anthony maintained that petitioners had good faith arguments that they complied with the Elections Code, and Presson had abused her discretion by refusing to accept their ballot argument.

After a hearing, the trial court ordered that the petition be heard on September 21.

The City's opposition argued that petitioners lacked standing to sue because they failed to submit proof of the association's status as a bona fide association when they submitted their ballot argument, as required by section 9287, subdivision (b), and their belated submission of the association's statement of organization did not satisfy the requirement because it was not submitted with the ballot argument. (See § 9287, subd. (b) ["an organization or association submitting an argument for or against a city measure *shall submit with its argument* a copy of one of the following" (italics added)].)

The City also argued that petitioners failed to meet the requirements of sections 9283 and 9287, which compelled Presson to reject their ballot argument. (See § 9283 ["[I]f submitted on behalf of an organization," "[a] ballot argument may not be accepted under this article unless . . . the name of the organization and the printed name and signature of at least one of its principal officers who is the author of the argument"].) The City observed that the ballot argument submitted by petitioners did not list or identify the name of the association or the name and title of at least one of its principal officers.

With respect to section 9287, the City noted that petitioners did not submit with the ballot argument any of the documents required to demonstrate that the association qualified as a bona fide association of citizens. It added that petitioners' submission of the association's statement of organization was not filed with the ballot argument, was

6

not filed by the deadline for submitting ballot arguments, and did not include a signature of one of the listed principal officers of the association.

On September 12, petitioners filed an ex parte application requesting a hearing on that same day. Petitioners asserted that unless their petition were heard before September 21, the trial court would be unable to fashion a remedy sufficient to meet the deadline for mailing ballot materials. (See § 3114.) The City did not oppose petitioners' request.[7] The court granted petitioners' ex parte application and reset the hearing to September 15.

Petitioners argued in their reply brief that the City's arguments were post hoc rationalizations to justify Presson's failure to look closely at the submitted signature statement, resulting in her incorrect conclusion that it was submitted on behalf of Ory as an individual. They also argued that the judicial branch's longstanding policy of preserving the voters' right to direct democracy required liberal interpretation of section 9287, and asserted that they complied with section 9287, subdivision (b) by completing the signature statement. They added that the signature statement did not include a place to provide the name of the association, but required the association to provide all the information that would normally appear on an "articles of association." (See § 9287, subd. (b)(1) [to allow the city elections official to determine whether an association submitting a ballot argument qualifies as a bona fide association, it may submit articles of association or a similar document].)

Finally, petitioners argued that the requirements of section 9283 and 9287 conflicted because section 9287 established a system for submitting ballot arguments that did not require providing the name of the association, while section 9283 did. They

---

[7] In a declaration in support of the City's subsequent motion for sanctions, Salbert indicated "[his] intent was simply to avoid increasing legal fees and costs for the City and to reach resolution of Petitioners' claims more expeditiously."

7

asserted that conflict "must be resolved in favor of the voters' right of direct democracy that is preserved by constitutional judicial policy."

*Trial Court Ruling*

The trial court denied the petition following a hearing. The court found that the signature statement failed to comply with the requirements of section 9287, subdivision (b)(1) through (3) because it did not state the name of the association and instead "indicates it was submitted by an individual, Karl Ory." The court noted that the registrar had a duty to reject a ballot measure that does not comply with the formal requirements, citing *Vargas v. Balz* (2014) 223 Cal.App.4th 1544 at page 1556, and concluded the same principle applied to ballot arguments.

*City's Motion for Sanctions*

On November 30, the City served on petitioners a motion for monetary sanctions pursuant to Code of Civil Procedure section 128.5,[8] and it filed the motion on January 5, 2023. The City requested that the trial court impose sanctions jointly and severally on Ory, Chicoans, and Anthony in the amount of $36,672.63, representing the City's

---

[8] Code of Civil Procedure section 128.5 provides in relevant part: "(a) A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay. . . . [¶] (b) For purposes of this section: [¶] (1) 'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading. The mere filing of a complaint without service thereof on an opposing party does not constitute 'actions or tactics' for purposes of this section. [¶] (2) 'Frivolous' means totally and completely without merit or for the sole purpose of harassing an opposing party." Subdivision (f)(2)(A) of section 128.5 provides: "Monetary sanctions may not be awarded against a represented party for a violation of presenting a claim, defense, and other legal contentions that are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

estimated total attorney fees and costs incurred during the litigation of the underlying petition and the City's motion for sanctions.

The City argued that petitioners' claim of priority as a bona fide association of citizens was frivolous in light of their failure to satisfy the requirements set forth in Elections Code sections 9283 and 9287, which was clearly demonstrated by the signature statement petitioners attached as an exhibit to their petition. It added that petitioners continued to advance their demonstrably false petition without any legal or factual support despite having been informed of the petition's defects on August 29, 2022, both verbally and in written opposition to the ex parte application for shortened time, and on September 13, 2022, in written opposition to the petition.

The City argued that petitioners brought their petition in bad faith because Anthony recognized the City's argument that the Election Code's plain language required denial of the petition, but he and the petitioners continued to advance their petition in the absence of any legal authority for their arguments. The City asserted that the merits of the petition were secondary to petitioners' desire to publicize their cause, as demonstrated by Ory's statement to a newspaper after the court denied the petition: "I think regardless of whether we'll not [*sic*] get our message on the sample ballot we have had an opportunity to talk about financial mismanagement at city hall and we'll continue getting that message out during the upcoming election."

The City set forth that it provided petitioners with "safe harbor"[9] notice of its motion by serving the notice of motion on November 30, with a cover letter requesting

---

[9] Code of Civil Procedure section 128.5, subdivision (f)(1)(B) provides: "If the alleged action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, a notice of motion shall be served . . . , but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected."

9

that the challenged action be corrected by paying the City $31,300.63 in attorney fees to avoid additional fees incurred by pursuing the motion for sanctions.

Petitioners opposed the City's motion for sanctions. They argued they had made a reasonable good faith argument of substantial compliance with section 9283's " 'name of association' " and section 9287's " 'proof of status' " requirements because they checked the box on the signature statement indicating that the form was submitted by a bona fide association of citizens, the signature statement was signed by five association members, and the signature statement did not require them to provide the association's name. They added that the voters had an important interest in receiving the best information available (citing *Myers v. Patterson* (1987) 196 Cal.App.3d 130, 137-140 (*Myers*)), as established by the hierarchy set forth in section 9287, subdivision (a), and they had a reasonable legal basis for believing that section 9283 should be liberally construed in favor of direct democracy.

Petitioners also argued that they had acted in good faith throughout the proceedings, and the City's evidence of Ory's political statement to a newspaper after the trial court had denied their petition was political free speech and not evidence of bad faith. Petitioners requested that the court award sanctions in *their* favor based on the City's conduct in bringing its motion for sanctions.

In its reply brief, the City disputed petitioners' argument that there was no place on the signature statement to provide the association's name, pointing to the five spaces directing the signer to "print title and name of organization." The City reiterated that Anthony should have been able to quickly read the relevant statutory provisions and case law and determine that petitioners would not be able to obtain their requested relief. Regarding Ory's post-order statements quoted in a newspaper, the City clarified that Ory's statements were circumstantial evidence of bad faith, and nothing had been done to stop Ory from speaking to any media outlet.

10

*Sanctions Order*

Following a hearing, the trial court adopted its tentative ruling granting the City's motion for sanctions in the amount requested. As to Code of Civil Procedure section 128.5's requirement that the petition be frivolous,[10] the court observed that the petition's own facts demonstrated that it "was clearly without merit" because the signature statement did not identify the name of the association as unequivocally required by Elections Code sections 9283 and 9287. The court rejected petitioners' contention that they reasonably made a good faith argument of substantial compliance with the relevant sections of the Elections Code. It observed that petitioners cited *Myers*, but that case did not help them because it defined "substantial compliance" as " '*actual* compliance in respect to the substance essential to every reasonable objective of the statute.' " (*Myers*, *supra*, 196 Cal.App.3d at p. 138.) The court concluded: "Fundamentally, identifying the association in the papers submitted to the Elections Official is obviously essential to the statute which provides preference to associations. In simple terms, you cannot expect preference as an association if you do not identify yourself as an association in the submitted papers. The proposition that the association must be identified in the papers is not subject to reasonable dispute."

The trial court also found that petitioners had acted in bad faith. The court noted that petitioners and Anthony continued to advance the petition despite being informed by the City on August 29, 2022, that the petition was fatally defective due to petitioners' failure to identify the name of the association. The court reiterated that petitioners' reading of the statute "simply goes beyond any reasonable stretch of statutory interpretation, especially given the case authority they cite which goes against their stated position," and "Petitioners and their counsel had knowledge of [the City's] clear and

---

[10] The statute defines " '[f]rivolous' " as "totally and completely without merit or for the sole purpose of harassing an opposing party." (Code Civ. Proc., § 128.5, subd. (b)(2).)

11

undisputable position as well as the clear and undisputable statutory requirement to specifically identify the association as required in the statute."

Finally, the trial court rejected petitioners' argument that the signature statement had no place for the five signers to identify the name of their association. The court observed that the form included a box for each signer to write the name of the organization, and none of the people who signed the form identified the name of any organization or association. It concluded: "In asking for, and being granted, priority for placing a proposed ballot argument and thereby bumping off a citizen's proposed ballot argument which was first in line, it is germane that Petitioner provide the name of a bona fide association where it asks for the title and the name of your organization. Petitioner simply failed to do so. It is not complicated."

Petitioners timely appealed the trial court's order awarding sanctions. The case was fully briefed in September 2024 and was assigned to the current panel at the end of that month.

## DISCUSSION

### I

### *Safe Harbor Procedure*

Petitioners contend the trial court improperly imposed sanctions because the City failed to comply with the safe harbor procedure under Code of Civil Procedure section 128.5, which requires parties moving for sanctions to provide a copy of their motion to opposing counsel 21 days before filing the motion with the court. The City responds that petitioners forfeited this argument by failing to raise it in the trial court. We agree with the City.

In their opposition to the City's motion for sanctions, petitioners did not raise any argument regarding the 21-day safe harbor procedure. At the hearing on the motion, petitioners were afforded 10 minutes to argue whether sanctions should be awarded. Neither petitioners nor the City raised the safe harbor procedure during the hearing. The

12

court then issued its ruling, and the parties turned to another issue. After the trial court addressed the separate issue, Anthony attempted to raise the safe harbor procedure for the first time. The court, having already ruled, refused to reopen the arguments.

Petitioners have forfeited their safe harbor procedure argument by failing to raise their contentions in the trial court. (*City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 735 [lack of strict compliance with § 128.5 was forfeited on appeal]; see *Jansen Associates, Inc. v. Codercard, Inc.* (1990) 218 Cal.App.3d 1166, 1170 [failure to raise the issue of inadequate notice under § 128.5 in the trial court forfeited the contention on appeal].)

Petitioners urge us to exercise our discretion to reach the issue, which they assert involves a pure question of law based on undisputed facts. (See *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1287-1288 [appellate court may consider argument not raised in the trial court where it involves a legal question applied to undisputed facts].) However, " ' "[t]he appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." ' " (*City of Rocklin v. Legacy Family Adventures-Rocklin, LLC*, *supra*, 86 Cal.App.5th at p. 735.) Petitioners offer no argument as to why this case presents an important legal issue, such that we should excuse their failure to raise the claim in the trial court.

Petitioners also argue that they raised the issue at the end of the hearing. But the record clearly demonstrates that petitioners only attempted to raise the issue well after the trial court had already ruled. They did not raise the issue at the hearing.

Finally, for the first time in their reply brief, petitioners argue that *the City* raised the issue in the trial court by asserting in its motion for sanctions that it had complied with the safe harbor period. "We will not ordinarily consider issues raised for the first time in a reply brief." (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 275.) Further, the fact that the City briefly raised the safe

harbor procedure in its motion does not excuse the petitioners' failure to raise any argument in opposition to the City's argument.

## II

### *Bad Faith Conduct*

Petitioners contend the trial court abused its discretion by imposing sanctions because they raised unique and reasonable arguments in good faith. Petitioners fail to establish an abuse of discretion.

A. *Legal Background*

Code of Civil Procedure section 128.5, subdivision (a) provides that the "trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." An action is " '[f]rivolous' " if it is "totally and completely without merit or for the sole purpose of harassing an opposing party." (*Id.*, subd. (b)(2).)

To be sanctionable under Code of Civil Procedure section 128.5, the court must objectively determine that the conduct was frivolous or intended solely to cause delay, *and* the party's subjective bad faith in engaging in the conduct must be established. (*Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1505-1507; *In re Marriage of Sahafzadeh-Taeb & Taeb* (2019) 39 Cal.App.5th 124, 134-135.) "An evil motive is not required; subjective bad faith may be inferred from the prosecution of a frivolous action." (*Campbell v. Cal-Gard Surety Services, Inc.* (1998) 62 Cal.App.4th 563, 574; see *Dolan*, at p. 1505 ["When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive"].)

On appeal, we presume that the trial court's order is correct, and we review it for abuse of discretion. (*Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1345.) "We do not independently determine whether appellant's conduct was frivolous or in bad faith, and we may not substitute our judgment for the

14

judgment of the court below.  [Citation.]  ' " ' "To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice . . . ." ' " ' " (*Sabek, Inc. v. Engelhard Corp.* (1998) 65 Cal.App.4th 992, 1001.) A showing that presents facts merely affording an opportunity for a different opinion is insufficient to show an abuse of discretion.  (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.)

B.  *Analysis*

In its order granting the City's motion for sanctions, the trial court first found the petition for writ of mandate to be frivolous, and then that petitioners acted in bad faith on the basis that they continued to advance their clearly meritless petition after being informed that it was meritless.  On appeal, petitioners argue that because they raised unique and reasonable arguments, the court abused its discretion in finding bad faith.

At the outset, we note that petitioners do not separately challenge the trial court's finding of frivolousness.  Thus, to the extent petitioners attempt to argue abuse of discretion as to that finding, they have forfeited those arguments.  (See *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["An appellant must '[s]tate each point under a separate heading or subheading summarizing the point . . . .'  [Citations.]  Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 280 [same]; *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 [same]; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 ["Although we address the issues raised in the headings, we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"]; Cal. Rules of Court, rule 8.204(a)(1)(B) ["Each brief must:  [¶] . . . [¶]  State each point under a separate heading or subheading summarizing the point"].)

15

Petitioners argue that the trial court improperly found bad faith because it relied on Anthony's acknowledgement of the City's position but did not consider the remainder of his e-mail response to the City, in which he advanced other arguments demonstrating their belief in the basis of the petition.  But in finding bad faith, the trial court had already found that petitioners' arguments were frivolous, i.e. "totally and completely without merit or for the sole purpose of harassing an opposing party."  (Code Civ. Proc., § 128.5, subd. (b)(2).)  Having made that finding, the trial court supported its bad faith finding by observing that petitioners had been informed that their petition was fatally flawed, and continued to advance it anyway.  The court was entitled to infer subjective bad faith from the prosecution of a frivolous action, especially where, as here, petitioners were informed that their petition was meritless.  (See *Dolan v. Buena Engineers, Inc.*, *supra*, 24 Cal.App.4th at p. 1505; *Campbell v. Cal-Gard Surety Services, Inc.*, *supra*, 62 Cal.App.4th at p. 574.)

Petitioners similarly argue that they did not pursue their petition in bad faith because the evidence presented in the trial court supported their belief in the merits of their arguments.  They summarize the arguments they raised in the trial court, characterizing them as "unique" and "reasonable,"[11] and argue that the mere fact that their arguments lacked merit did not demonstrate that they acted in bad faith.  But again, petitioners have failed to challenge the trial court's finding that their petition was

---

[11] Specifically, petitioners point to the following arguments:  "(1) whether the City may raise the argument that petitioners failed to comply with section 9283 when the City did not reject the form on this basis or raise this issue anytime [*sic*] prior to this litigation; (2) whether sections 9287 and 9283 were in conflict; (3) whether information contained within the completed [signature statement] itself could satisfy as evidence of a bona fide association pursuant to [] section 9287 entitling Petitioners' Ballot Argument to priority; and (4) whether Petitioners' emails to the City Clerk and subsequent submission of their Statement of Organization identifying the name of their association as 'Chicoans Against Financial Mismanagement – No on Measure H' shortly thereafter also substantially complied with the Elections Code."

16

frivolous. Moreover, petitioners' summary of the arguments they raised in the trial court does nothing more than "merely afford[ ] an opportunity for a different opinion" and therefore is insufficient to show an abuse of discretion. (*Kurinij v. Hanna & Morton, supra*, Cal.App.4th at p. 867.) As we set forth *ante*, "[w]e do not independently determine whether appellant's conduct was frivolous or in bad faith, and we may not substitute our judgment for the judgment of the court below." (*Sabek, Inc. v. Engelhard Corp.*, *supra*, 65 Cal.App.4th at p. 1001.)

Finally, petitioners claim that the trial court misunderstood their argument as to *Myers*. Initially, we note that the court's discussion of *Myers* was in the context of its frivolousness finding, not its finding of bad faith. In any event, the argument lacks merit.

In finding petitioners' arguments to be frivolous, the trial court stated: "Petitioners' contention they reasonably made a good faith argument that they substantially complied with the relevant sections of the Elections Code is without merit. Petitioners cited [*Myers*, *supra*,] 196 Cal.App.3d 130, however *Myers* does not help Petitioner as *Myers* defines substantial compliance as actual compliance in respect to the substance essential to every reasonable objective of the statute. (*Id.* at p. 138[.])" In finding bad faith, the court reiterated its finding that petitioners' reading of the statute was frivolous because it went beyond any reasonable stretch of statutory interpretation, especially given "the case authority they cite which goes against their stated position."

Petitioners contend they cited *Myers* for a different proposition: that the Elections Code should be construed in a way which provides the voters with the best information needed to decide. In their opposition to the City's motion for sanctions, petitioners argued that the City failed to establish that their petition was frivolous.[12] As part of that argument, petitioners asserted that they "made a reasonable good faith argument that the

---

[12] As we have discussed, they do *not* raise the same argument in this appeal.

17

[§ 9283] 'name of association' requirement was substantially met and that the City itself did not require it on [the signature statement]." They argued that they checked the box on the signature statement indicating that it was submitted by a bona fide association, and the signers included their names and organizations as requested by that form.

Petitioners then argued: "When balanced against the important interest of the people in receiving the best information available as held in *Myers*, *supra*, [196 Cal.App.3d] at [pp.] 137-140—in the 'preference and priority' order established by [Elec. Code, §] 9287(a)—Petitioners have a reasonable legal basis for believing that 'liberal construction' requires that any doubts raised by narrow readings of [Elec. Code, §] 9283 'reasonably be resolved in favor of the use of this reserve power' of direct democracy, under the judicial policy enunciated in [*Rossi v. Brown* (1995) 9 Cal.4th 688, 695]." Earlier in their brief, petitioners had also cited *Myers* for the proposition that statutory provisions must be construed " 'in favor of the exercise of the initiative and referendum powers,' i.e. the direct democracy rights of California voters, which is 'of course, the policy of the courts.' "

Petitioners fail to demonstrate that the trial court misunderstood their argument. Petitioners' argument essentially contended that their failure to strictly comply with section 9283's "name of association" requirement should be excused because the statute must be liberally construed in light of the voters' important interest in receiving the best information available and their right to direct democracy. The court recognized that *Myers*--the case petitioners cited for the proposition that the voters have an important interest in receiving the best information available--refuted petitioners' argument that they substantially complied with section 9283. There is nothing to suggest the court did not understand the argument made by petitioners.

Petitioners fail to demonstrate an abuse of discretion with respect to the trial court's finding of bad faith. They do not adequately challenge the court's finding of frivolousness, do not contest the court's finding that the City informed petitioners that

18

their petition was fatally flawed, and do not contest that they continued to advance their petition despite receiving that information.  In any event, their substantive arguments on appeal amount to no more than a request that we substitute our judgment for that of the trial court, which we may not do.

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


/s/

Duarte, Acting P. J.

We concur:


/s/

Krause, J.


/s/

Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19